Chief Justice Robertson
delivered the Opinion of the Court.
,The plaintiff sued the defendants, in case, for diverting) the water from his mill, by cutting a ditch. They at- > tempted to justify, on the ground that the mill dam was i a nuisance, which they had a legal right to abate.,
On the trial, the court instructed the jury that — “ if the water occasioned [by the dam] was a nuisance, or had been a nuisance, and was like to become so again, the defendants had a right to cut a ditch, and draw off' the water,” and thereupon the jury found a verdict for the defendants, on which the court rendered a judgment in bar of the action.
Any person who is injured by a private nuisance may abate it ; 'and a public nuisance may be abated by any one, even though it may not have occasioned any special damage or inconvenience to him individually. 1 Hawk. P. C.—c. 75, s. 12. Ba. Abr. title Nuisance (C.) Russell on Crimes, 303.
But whether the evidence was sufficient to prove, that the mill dam was a nuisance, and was subsisting as such when the ditch was cut — or whether, if it were a nuisance, it was public, or private merely, and, if the latter, whether the defendants, or any one of them, was prejudiced by it — are questions of fact, respecting which we shall not now express an opinion ; because, according to any allowable deduction from the proof, the instruction by the court is deemed erroneous, and therefore, on that ground, were there no other, the judgment must be reversed, and the case he remanded for *159 another trial, when tiie facts may assume a different aspect.
If •' party, in abating e nuisance, does more injury to another than was necessary to effect the legitimate object, he is liable to an actio».
In the opinion of this court, the instruction is erroneous in three particulars :
First. It is not strictly true, that “ if the dam had been a nuisance, and was like to beeome so again,” the defendants had a right to abate it. Unless it was a nuisance at the time when the ditch was cut, no person had a right to stop or obstruct the mill without the owner’s consent. It is not now material whether the evidence tended to prove that the dam was a nuisance when the ditch was cut; for the instruction clearly implies that, though it may not have been then a nuisance, the defendants had a right to abate it if it had been, and would probably again become, a nuisance ; and it is evident that, even though it may have been once a nuisance, and might again become so, it may not have been a nuisance when the ditch was cut by the defendants. A probability that a thing may become a nuisance, or, in other words, an actual and substantial annoyance, public or private, does not make a nuisance which can.be lawfully abated; and therefore, Lord Hardwicke, in an anonymous case in third Jllk. said that — “the fears of mankind, though they may be reasonable, will not create a nuisance.”
In a proper case, when the danger is imminent, a nuisance may be prevented by injunction; and for that which had been a common nuisance, an indictment would be an effectual and appropriate remedy.
A nuisance must be actually subsisting, to the injury of the public, or of some individual, before any person should be suffered to resort to a remedy so critical, perilous and extraordinary, as that of his own will and power, which necessity alone indulges, in cases of extremity or of great emergency, in which no ordinary remedy will be altogether effectual. The public peace should not be jeoparded, by permitting individuals to redress their own wrongs, when they might obtain adequate security and indemnity by a resort to any of the ordinary remedies in courts of justice.”
Prima facie, a mill dam which was once a nuisance *160 will continue to be so as long as it exists ; but it may not; and, therefore, as the dam may not in this case have been a nuisance when the ditch was cut, the instruction was erroneous.
Second. Even though the dam may have been « nuisance when the ditch was cut, the defendants had not, as the court instructed the jury that they had, a right, as a matter of course, to abate the nuisance; because it may have been, in the opinion of the jury, a private nuisance only, and, if so, no person who was not injured by it had a right to abate it; and therefore, as the jury, and not the court, had the right to decide whether the nuisance was public or private, and whether, if private, it annoyed the defendants, or any of them, the court erred in instructing the jury, that if they believed that the dam was a nuisance, the defendants had a right to, abate it.
Third. If the defendants had a right to cut a ditch for Abating a nuisance, their right was limited to that which was a nuisance: they had no right to draw off more water than so much as would abate the nuisance. If they transcended that limit, they did an injury to the plaintiff for which he might have an action. Rex vs. Rippineau, 1 Strange, 686, and Russell on Crimes, 306. The ditch may have been deeper than the end to be legitimately effected by it, required. There was no proof as to that point, and the instruction is, in that particular, unqualified, and, therefore, is erroneous ; because it imports that the defendants were justifiable, even if, in abating a nuisance, they, wantonly or recklessly, destroyed, without necessity, the total value of the plaintiff’s mill.
Wherefore, it is considered by this court, that the judgment be reversed, and the cause remanded for n new trial.