Chief Justice Robertson
delivered the Opinion of the Court.
Upon an indictment for permitting unlawful gaming in his house, in violation of the tenth section of the statute of 1833,(1 Stat. Law, 760,) the then defendant, now plaintiff in error, having appeared and pleaded guilty, the Court, without an enquiry or assessment by a jury, adjudged against him a fine of two hundred and fifty dollars.
As the record does not shew that the plaintiff in error waived a jury, or consented that the Court should fix the amount of the fine, we will not presume that there was any such waiver and consent from the simple fact that the court, upon confession of guilt, acted without the intervention of a jury; but should rather infer that, the Circuit Judge, errroneously supposing that the case was within the provisions of the second section of an act of 1823 (1 Stat. Law, 757,) fixing the penalty of two hundred and fifty dollars, was of the opinion that, upon the plea of guilty, a jury was not necessary for determining the amount of a fine fixed by law, and not left to discretion.
But if the second section of the act of 1823 be not constructively repealed by the statute of 1833, and still be in force, nevertheless, it could not sustain this indictment for permitting unlawful gaming with cards merely, because it only embraces the case of permitting a “gaming table or bank” — to “be set up” or “kept,” on which there shall be unlawful betting in a house occupied at the time.
And therefore, as the tenth section of the statute of 1833, is the only penal enactment which authorized a fine of as much as two hundred and fifty dollars for the offence charged in the indictment, and as that enactment gives to a jury the discretion of assessing a fine at *217 any sum from two hundred dollars to five hundred dollars —the judgment in this case, for two hundred and fifty dollars, without a jury, and without a waiver of trial by jury, must be deemed erroneous; and therefore it is considered, that the judgment be reversed, and the cause remanded for trial according to law.