Spring Term
1839.

Commonwealth
vs
Ervine.

---

INDICTMENT.

## The Commonwealth *vs.* Ervine.

[Attorney Gen. Oates for plaintiff: no appearance for defendant.]

FROM THE CIRCUIT COURT FOR MONTGOMERY COUNTY.

*April* 19.

Judge MARSHALL delivered the Opinion of the Court.

To an indictment for a misdemeanor, def't pleaded guilty, and was convicted; but the judg't was reversed, because the Judge fixed the amount of the fine, which the statute refers to a jury. The case remanded, the def't pleaded not guilty, and was put upon his trial:—it is now too late to enquire whether he had a right to plead that plea; for, by taking issue upon it, the Com'th waived the right of limiting the enquiry to the amount of the fine. But the record of the plea of guilty is evidence against him—not conclusive, but with the same effect as a confession proved any other way.

ERVINE having been indicted for permitting gaming in his house, came into Court and confessed himself guilty of the offence charged, and the Court thereupon rendered a judgment against him, without the intervention of a jury, for two hundred and fifty dollars. This judgment having been afterwards reversed by this Court—5 *Dana*, 216—and the cause remanded, Ervine pleaded not guilty, and the attorney for the Commonwealth joined issue on the plea. On the trial of this issue, the record of the defendant's confession of guilt was offered in evidence on the part of the Commonwealth; but being objected to, was rejected by the Court as inadmissible, and the correctness of this opinion is the only question now presented by the record.

It is too late to enquire whether, on the return of the cause to the Circuit Court, the defendant had a right to put in the plea of not guilty. By joining issue on that plea, the Commonwealth waived the right of limiting the enquiry merely to the amount for which judgment should be rendered on the confession, and opened to the jury the question of the defendant's guilt or innocence. But it does not follow that this waiver of the conclusive effect

of the defendant's confession on the record, either annulled the confession itself, or took from it its entire force and effect as evidence of the fact confessed. The record is conclusive evidence of the fact that the defendant had confessed his guilt in Court, And if, as is certainly the case, parol evidence of such a confession made out of doors, would, in the absence of proof tending to show that it had been improperly obtained, be admissible evidence to establish guilt, we think it unquestionable, that the record of a confession in Court, unimpeached as to the manner of its procurement, should be admitted. But the estoppel being waived by the issue, the effect of the confession as proof of guilt, like that of other evidence, is subject to be repelled, and is, from the nature of the proceeding, submitted to the judgment of the jury.

For the error, therefore, of rejecting the record of the defendant's confession, the judgment is erroneous.

Judgment reversed, and the cause remanded for a new trial, in conformity with the principles of this opinion.