Dantz *et al. v.* The State.

No. 10,632.

## DANTZ ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Motion to Quash.*—If an indictment contain one good count, a motion to quash the whole indictment should be overruled.

SAME.—*Election as to Counts.*—*Discretion of Court.*—It is in the discretion of the court to compel the prosecuting attorney to elect upon which count of an indictment he will proceed, and unless such discretion is abused the Supreme Court will not interfere.

SAME.—*Evidence.*—*Confession.*—A confession of guilt in open court, in the presence of the jury, is evidence enough to sustain a conviction.

From the Floyd Circuit Court.

*J. V. Kelso,* for appellants.

*F. T. Hord,* Attorney General, and *F. B. Burke,* Prosecuting Attorney, for the State.

ELLIOTT, J.—There are three counts in the indictment against the appellants. The first two charge them with having committed a misdemeanor jointly with one David W. Carpenter, and the third makes a charge against David W. Carpenter alone.

It is insisted that the appellants' motion to quash, upon the ground that there was a misjoinder of defendants, should have been sustained. We think otherwise. The first two counts charged the defendants jointly, and described a joint offence, and were therefore good as against all of the defendants. It is quite well settled that a motion to quash addressed to an entire indictment should be overruled if there is one good count. *Casily* v. *State,* 32 Ind. 62.

The defendants moved to compel the prosecutor to elect upon which counts of the indictment he would try them, and the court required an election to be made; whereupon the prosecutor elected to proceed to trial upon the first and second counts; the defendants objected, and asked that the prosecutor be compelled to single out and elect one of the counts; this objection the court overruled. There was no error in

Dantz *et al. v.* The State.

this ruling. These counts charged the same offence against the same persons in different forms, and the court was not bound to compel the State to make an election. It is, indeed, discretionary with the trial court to grant a request to compel an election, and it is only when the discretion is abused that the appellate court will interfere. *Lamphier* v. *State,* 70 Ind. 317 ; *Bell* v. *State,* 42 Ind. 335 ; *Mershon* v. *State,* 51 Ind. 14 ; *Snyder* v. *State,* 59 Ind. 105.

After the jury had been empanelled and the trial begun, the prosecutor entered a *nolle prosequi* as to David W. Carpenter, and the appellants then asked leave to withdraw their plea of not guilty and enter a plea of guilty ; the court refused to permit the withdrawal of the case from the jury, and submitted the case to the jury for trial. No question is presented upon this ruling, for the reason that no exception was taken.

We can not say that the verdict is not sustained by the evidence. The record shows a confession of guilt in open court, and in the presence of the jury, and this was sufficient to sustain a conviction. *Eastman* v. *State,* 54 Ind. 441 ; *Griffith* v. *State,* 36 Ind. 406 ; *Behler* v. *State,* 22 Ind. 345. In *Anderson* v. *State,* 26 Ind. 89, the only evidence offered against the accused was his own confession made while testifying as a witness in another case, and it was held sufficient to sustain a conviction.

Judgment affirmed.

HOWK, J., did not participate in the decision of this case.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—The appellants did not except to the ruling of the court refusing to permit them to withdraw their plea of not guilty and enter a plea of guilty, and, consequently, no question is reserved upon that ruling.

No exception was taken to the ruling of the court directing the jury to determine the case and assess the punishment, and, of course, no question is before us on the ruling upon this point. No leave was asked to withdraw the plea of

guilty entered in compliance with the agreement with the prosecuting attorney. No proper objection was made to the court's submitting the case to the jury.

The only causes assigned in the motion for a new trial are that the verdict was contrary to the law and contrary to the evidence, and, consequently, no question as to the regularity of the proceedings on the trial is properly brought before us for review.

The only question which the motion properly presents is this: Is the verdict sustained by the evidence? We can not doubt the correctness of our former ruling. The case was before the jury upon the appellants' deliberate confession of guilt, and it would be strange indeed if the verdict had been anything else than guilty. If the appellants had desired to escape from their deliberate admission made in the presence of the jury, they should have adopted a different course from that pursued.

Petition overruled.