CASE 90—INDICTMENTS—JANUARY 17.

# Bollinger v. Commonwealth.
# Sharp v. Commonwealth.

### APPEALS FROM KENTON CIRCUIT COURT.

1. GAMING-HOUSE—NUISANCE.—A house where persons are permitted to habitually assemble and bet and win or lose money whether with each other or with the owner, or whether on result of a horse race or turn of a playing card, is in the meaning of the law a gaming-house, and, therefore, a common nuisance.

2. COURTS HAVE THE POWER TO ORDER THE ABATEMENT OF A MORAL AS WELL AS A PHYSICAL NUISANCE, but in ordering the abatement the court has no power to direct that the offender be committed to jail until the order is obeyed. The court should first, upon the rendition of judgment upon a verdict finding the defendant guilty and imposing a fine, merely order the nuisance to be abated, and then on the defendant's failure to obey the order should subject him to fine and imprisonment without the further intervention of the jury.

3. THE COURT HAS THE POWER TO MAKE THE ORDER OF ABATEMENT AT ANY TIME DURING THE TERM of court at which the verdict of guilty is rendered.

O'NEAL, PHELPS, PRYOR & SELLIGMAN FOR APPELLANTS.

1. Even if it should be conceded that the court has power to enter a judgment of abatement in such cases as this the court can not enter the order except as a part of the original judgment, and it must be made at the time the judgment inflicting the fine is entered. (Wood on Nuisances, sec. 864; Chippen v. People, 8 Mich., 125.)

2. The court can not abate a nuisance consisting in immoral practices, except by inflicting such penalties as will cause the party to desist. (Wood on Nuisances, p. 43, sec. 32; Brooks v. State, 4 Texas App. p. 567; Welsh v. Stotwell, 2 Douglas (Mich.) 332; Gray v. Ayres, 7 Dana, 375.)

3. In any event the indictment must allege that the nuisance continues up to the time of the finding of the indictment, otherwise there can be no abatement. (Wharton's Criminal Law, sec. 2368; Archbold's Criminal Pleading, 361; King v. Stead, 8 D. & E., 143; Roscoe's Criminal Evidence, 747; Stead's Case, 8 T. R., 142; Rex v. Justices of Yorkshire, 7 T. R., 468.)

And upon conviction the order of abatement does not follow, but the court will hear proof as to whether the nuisance con-

tinues. (Smith v. State, 22 Ohio St., 539; State v. Moffett, 1 Greene (Iowa) 247; Bishop's Crim. Law, 705; Incledin's Case, 13 E., p. 127.)

W. W. CLEARY FOR APPELLEE.

1. The court had power to compel the abatement of the nuisance of which appellants had been convicted. (Opinion of Superior Court rendered in this case.)

2. It was not necessary that the order of abatement should be rendered at the time and as part of the judgment of conviction. (Ashbrook v. Commonwealth, 1 Bush, 139; Gray v. Ayres, 7 Dana, 377; Bacon's Abridgment, vol. 7, pp. 233, 234; 16 Am. & Eng. Enc. of Law, 970, secs. 4 and 5; Idem, 989, sec. 6.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

We will consider and determine these two cases together because, though appellants were indicted and tried separately, the offense charged against each is for maintaining and continuing a nuisance, and the statement of acts constituting the offense, except as to the particular locality in the city of Covington where committed, is, in each indictment, substantially the same, being as follows: "The said defendant (naming him) , on the —— day of June, 1893, in the county and State aforesaid, and before the finding of this indictment, and from that time up to and including the day of the finding of the indictment, did unlawfully suffer and permit divers persons to habitually assemble in a house in the city of Covington, in said county, viz. (describing it), the same being then and there in his occupation and under his control, and there engage in betting, winning and losing money on horse races, to the common nuisance of all the good citizens of the Commonwealth of Kentucky, then and there in the neighborhood passing and repassing, residing and being and having the right then and there to pass and repass and reside and be; and against the peace and dignity of the Commonwealth of Kentucky."

That a house where persons are permitted habitually to assemble to bet and win or lose money, whether with each other or with the owner, or whether on result of a horse race or turn of a playing card, is, in meaning of the law, a gaming house, and, therefore, common nuisance, is too well settled and plain for discussion.

The horse races bet on in these two cases were not nor could be run and decided in the actual presence of the gamblers, but were being made at distant places, between which and the gaming house was telegraph communication, through the medium of which the result of each race was as certainly known, and the money staked as readily passed to the winner, as if the transaction had been on a race track. And such gaming house is really more conducive of evil to the public morals than a race track, because those who assemble there are incited only by passion for gambling and cupidity.

Commission of the offense, as charged in each indictment, was shown beyond reasonable doubt by evidence entirely competent, and the jury was bound to find each defendant guilty; and we are not at all prepared to say the fine of $800 assessed in each case was excessive. But it is argued by counsel that the court erred in making the following order, substantially the same in each case: "The Commonwealth moves for an order to defendant (naming him) to abate the nuisance of which he has been herein adjudged guilty, by ceasing to suffer or permit persons to assemble at the house, in his occupation and under his control, being situated (describing locality) in said city of Covington, and there engage in betting, winning or losing money on horse racing; the *defendant objects*, and thereupon it is ordered by the court that he cease betting or suffering persons to assemble and bet on horse races in said house, and *that he be committed to*

*jail until this order is obeyed. The sheriff will execute this order and make due return thereof.* The defendant excepts and prays an appeal to the Superior Court, which is granted. The defendant tenders a bill of exceptions, which is signed and filed."

"There is an obvious distinction between a physical or material nuisance and a nuisance which consists merely in the immoral conduct and illegal practices of individuals within a particular house, and which may be called an unsubstantial or moral nuisance. The former is properly the subject of direct physical force, and can not be abated or suppressed but by its application; the latter can not be directly reached or affected by external force, and its suppression is very properly the subject of the remedial or vindicatory power of the law." (Gray v. Ayers, &c., 7 Dana, 375.)

Authorities seem to agree that, in addition to fine and imprisonment imposed by the verdict of the jury for commission of a nuisance which is insubstantial and immoral, such as was committed in these cases, the court may abate it by an order of prohibition, operating directly upon the person found guilty of maintaining and continuing it, violation or disregard of which will subject him to the coercive process of fine and imprisonment without further intervention of the jury. But it seems to us the court has no authority to commit such offender to jail immediately following the verdict of the jury and judgment in pursuance thereof for fine only, unless and until he has disobeyed the order to abate the nuisance. And, as such was the effect of the order of abatement in these two cases, the court in that respect erred to the prejudice of each defendant.

It is contended for appellant Bollinger that, as about six days had elapsed from the date of the order overruling his motion for a new trial, the court had no authority to then

make the order on him to abate the nuisance.    The power to make such order was an incident of finding of fact by the jury that he was guilty of maintaining and continuing the nuisance, and there was no need or room for the further inquiry as to the propriety or necessity for such order. And it seems to us the court had plenary power to make it at any time during the same term of court at which the verdict was rendered.    Besides, we do not see how defendant was or could be prejudiced, as the recital of the order shows he was then present and objected to the order.

The judgment in each case for the fine imposed by the jury is affirmed, but so much of the order for the abatement of the nuisance as commits defendant to jail immediately and before he has refused to obey it, was erroneous, and is reversed for modification in that respect.