CASE 84—PROSECUTION AGAINST GEORGE EHRLICK FOR
MAINTAINING · A COMMON NUISANCE—A POOL
ROOM.—May 21.

## Ehrlick v. Commonwealth

Appeal from Campbell Circuit Court.

A. S. Berry, Circuit Judge.

Defendant convicted and appeals—Affirmed.

1. Nuisance—Criminal    Prosecution—Indictment—Sufficiency.—
   An indictment which charged defendant with the offense of
   maintaining a common nuisance, and then stated the facts
   showing the nuisance, is sufficiently clear and direct as to
   the offense charged.
2. Same—Matters Constituting Public Nuisance—A house where
   persons are permitted habitually to assemble to bet money
   on the result of a horse race is a gaming house, and therefore
   a common nuisance.
3. Same—Criminal Prosecution—Evidence—Admissibility—In a
   prosecution for maintaining a nuisance, where the thing
   charged is the maintaining of a gaming house, which is a
   nuisance per se., evidence that there was no noise or boister-
   ous conduct about the house was inadmissible.
4. Same—Sufficiency of Evidence.—In a criminal prosecution
   for maintaining a pool room, evidence that defendant was
   usually present when the betting was going on, and was ap-
   parently in authority, and admitted his connection on ·more
   than one occasion was sufficient to sustain a verdict against
   him.
5. Criminal Law—Evidence—Admissions—Former Proceedings.
   In a criminal prosecution, where the issue was whether de-
   fendant had been operating a certain pool room, his admis-
   sions contained in his plea of guilty made in a police court,
   where he was charged with violating a local ordinance against
   operating pool rooms, were admissible as evidence.
6. Same—Former Jeopardy.—The conviction of a party under a
   local ordinance of a district for operating a pool room was

Ehrlick v. Commonwealth.

not a bar to the prosecution by the State for the same act.

7. Nuisance—Criminal Responsibility—Abatement—Act of Public Authority.—In a prosecution by the Commonwealth for maintaining a common nuisance upon a verdict of guilty, the Commonwealth may have the nuisance abated, and the judgment of abatement operates upon the person of the accused, as well as the property employed by him in maintaining the nuisance.

C. L. RAISON, JR., for appellant.

## POINTS.

1. The court erred in overruling the demurrer of the defendant to the indictment.

2. The verdict of the jury is not sustained by the evidence.

3. The court erred in admitting to the jury incompetent evidence offered by the Commonwealth, to wit: The warrants, affidavits and records of the police court of the district of Clifton in cases of the district of Clifton against George Ehrlick, appellant, tried in said police court for violation of an ordinance of the said district.

4. The court erred in refusing to give to the jury instructions Nos. 1 and 2 offered by the defendant.

N. B. HAYS, Atty. Gen., and CHAS. H. MORRIS for Commonwealth.

## POINTS AND AUTHORITIES.

The real bone of contention in the case at bar seems to be the fact that the lower court allowed the plea of guilty made by Ehrlick in the police court of the district of Clifton to go as evidence. Ehrlick was fined every day of the week for some time; he entered his plea of guilty in the police court of the district of Clifton and paid a $10 fine for some time daily.

We think that as this court has held the operation of such a pool room constituted a nuisance, then Ehrlick's admissions in the police court are a matter of record, and competent to show the fact that "betting and the winning and losing of money was indulged in said pool room," and they are admissions of the most solemn form. It has been so held in the following cases: (Com. v. Ayers, 115 Mass., 137; Com. v. Hazeltine, 108 Mass., 479; also 108 Mass., 421, and 122 Mass., 426.)

The admission of that proof was competent, and as the jury was properly instructed as to the law of the case, if there was sufficient proof to take the case to the jury, then this court should not disturb the judgment of the lower court, and we ask an affirmance.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant was indicted for maintaining a common nuisance. The verdict of guilty fixed his punishment at $500 fine, in addition to which the court entered a judgment of abatement against him.

The indictment was in this language: "The grand jury of Campbell county, in the name and by the authority of the commonwealth of Kentucky, accuses George Ehrlick of the offense of maintaining a common nuisance, committed as follows, viz.: That the said George Ehrlick, on the———day of September, 1905, and within twelve months before the finding of this indictment, in the county aforesaid, and on divers other days and times, and from said———day of September, 1905, up to the time of the finding of this indictment, did willfully, knowingly, and unlawfully suffer and procure and permit divers idle and evil-disposed persons to habitually frequent and assemble in a certain room in his possession and under his control, and there to be, remain, and habitually and unlawfully engage in the hazard of betting, winning, and losing money on horse races, and said room was by said Ehrlick kept and controlled for such purposes, and said Ehrlick was at all times hereinbefore mentioned operating in said room what is commonly know as a 'poolroom,' to the common nuisance and annoyance of all the good citizens of the commonwealth aforesaid then and there in the neighborhood passing and repassing, residing, and being, and hav-

ing the right then and there to repass, reside, and
be. That said room is located on lots 1, 2, 50, 52, 53,
and 54 of the Glenn Park Land Company's subdi-
vision, in the district of Clifton, Campbell county,
Kentucky, on the west side of the Alexandria pike,
south of the corporation line of the city of Newport.
Against the peace and dignity of the commonwealth
of Kentucky,'' etc.

Appellant complains that the indictment is not clear
and direct as to the offense charged. There is but
one offense charged, and that is correctly stated in
the accusatory clause of the indictment. To properly
state the offense, the facts showing it must also be
stated, and, if an abatement is sought, a continuance
of the nuisance must be alleged, as well, perhaps, as
a description of the place where it is allowed. Com-
monwealth v. Enright, 14 Ky. Law Rep., 894; Com-
monwealth v. Megibben, 101 Ky. 195, 40 S. W., 694;
19 Ky. Law Rep., 291, 1334; Commonwealth v.
City of Somerset, 14 Ky. Law Rep., 238; C. &
O. Ry. Co. v. Commonwealth, 88 Ky. 368, 16 Ky.
Law Rep., 919, 11 S. W., 87. It was therefore
proper for the pleader to state in the indictment
what particular acts he would rely upon to sustain
the charge. Keeping a commom gaming house, which
is held to include poolrooms where betting on horse
races is indulged (Bollinger v. Commonwealth, 98
Ky. 574, 17 Ky. Law Rep. 1122, 35 S. W., 553; Com-
monwealth v. Simmonds, 79 Ky. 618, 3 Ky. Law Rep.,
380; Brown v. State, 88 Tenn. 566, 13 S. W., 236;
Swigart v. People, 154 Ill. 284, 40 N. E. 432), to which
there is common resort for the purpose of betting,
and at which money or other property is bet, won,
or lost, is per se a nuisance at the common law. (1
Hawk. Pl. Cr. p. 733; Rex v. Dixon, 10 Mod., 335;

Kneffler v. Commonwealth, 94 Ky. 359, 15 Ky. Law Rep. 176, 22 S. W., 446; Bollinger v. Commonwealth, supra). A nuisance per se is any act, or omission or use of property or thing, which is of itself hurtful to the health, tranquility, or morals, or outrages the decency, of the community. It is not permissible or excusable under any circumstances. Windfall Mfg. Co. v. Patterson, 148 Ind. 414, 47 N. E. 2, 37 L. R. A. 381, 62 Am. St. Rep., 532; 4 Bl. Com., 64; Russell on Crimes, 449. The indictment was in proper form. The demurrer to it was properly overruled. Bollinger v. Commonwealth, 98 Ky. 574, 17 Ky. Law Rep. 1122, 35 S. W., 553.

A great deal of evidence was admitted on behalf of appellant tending to show that there was no noise or boisterous conduct at the house where this poolroom was conducted, but that, on the contrary, it was conducted with a care to keep down disorders, and to prevent minors, negroes, and women from coming into it. All this character of evidence was wholly immaterial. It ought not to have been admitted for any purpose. A poolroom might have been a nuisance because noisy, boisterous, fighting crowds were permitted to habitually gather and resort there; but that would have been a nuisance, whether betting was indulged or not. No such charge was made in the indictment in this case. Under a charge of maintaining a public or common nuisance, where the thing is per se a nuisance, such as a poolroom or other gaming house is, it is no defense that there was no noise or disturbance, nor that the community were not disturbed by its presence. Kneffler v. Commonewalth, 94 Ky. 359, 15 Ky. Law Rep. 176, 22 S. W., 446; King v. People, 83 N. Y., 589; Moses v. State, 58 Ind., 185; Seacord v. People, 121 Ill. 623, 13 N. E.,

194. Nor was it necessary that the game should have been visible from the outside. State v. Mosby, 53 Mo. App. 571.

It is complained that there was no evidence of appellant's connection with the establishment as its proprietor to sustain the verdict and judgment against him. All who set up, operate, or promote a common gaming house, including its employes, are guilty of maintaining the nuisance. Appellant was shown to have been usually present when the betting was going on, and was apparently in authority. Besides, he admitted his connection on more than one occasion, not including the proceedings in the police court noticed hereafter. The evidence, or most of it, of his guilt, was circumstantial; but it was sufficient to satisfy the jury of his guilt beyond a reasonable doubt, as it also satisfies us.

Appellant's place was just outside of the city of Newport, in the district of Clifton, an incorporated municipality. It was on a street car line, accessible from Cincinnati, Covington, Newport, and their environs, and was frequented by great crowds of people every afternoon through the week when horse races were being run anywhere in the country. The crowds were attracted to the place by the opportunity its facilities afforded for betting on the results of the horse races, which were reported by telegraph and telephone to the poolroom. It is one of the most demoralizing forms of the vice of gambling. Notwithstanding the record discloses a peculiar proceeding by which appellant operated his poolroom under a kind of license, as it were. The district of Clifton enacted an ordinance against operating poolrooms in the district, and fixed the penalty at $10 per day. Each day, late in the afternoon, a warrant was issued

against appellant and placed in the hands of the marshal for execution. The marshal never disturbed appellant's business—seems to have been careful not to. He arrested appellant each day, after or about the close of business hours, and released him on a bond executed by one of his employes, who was also one of the officials of the district of Clifton. The next morning the security employe would go to the police judge, enter a plea of guilty for appellant to the charge of operating a poolroom, and pay the fine of $10 and $4.75 costs. At first appellant went in person and entered the plea of guilty. But afterwards he sent his employe along with the money. Thus was this unlawful business tolerated, and, indeed, encouraged, upon the payment of a stipend of $14.75 per day. The prosecution in the case at bar proved the pleas of guilty made by appellant before the police court. The evidence was objected to, but was admitted. We think the evidence was competent. The issue was whether appellant, during the period covered by the indictment, was in charge of, or was operating, the poolroom in question. His own admissions, voluntarily made, were clearly competent evidence against him. That he made the confession in court can detract nothing from its relevancy or its probative force. He was not bound to have pleaded guilty in the police court. His plea was voluntary, was understandingly made, and was made for the express purpose of admitting the truth to be that he in fact had operated the poolroom on the date named. Precisely this practice was approved in Bibb v. State, 83 Ala. 84, 3 South. 711. The conviction of appellant under the ordinance of the district of Clifton was not a bar to the prosecution by the state for the same acts. Respass v. Commonwealth, 107

..y. 139, 53 S. W. 24, 21 Ky. Law Rep., 789; Lucas v. Commonwealth, 118 Ky. 820, 82 S. W. 440, 26 Ky. Law Rep., 740.

. There was a judgment of abatement entered against appellant, requiring him to abate the nuisance found by the verdict of the jury and the judgment of the court. The object of criminal law is mainly to prevent crime. A common nuisance can be abated only at the suit of the commonwealth, unless some member of the community suffers exceptional and peculiar damages from it. A way open to the commonwealth is to proceed by indictment, as was done in this case, where, upon a verdict of guilty, the commonwealth is entitled as a matter of law and right to have the nuisance so found thereafter abated. Selfried v. Hays, 81 Ky. 377, 5 Ky. Law Rep. 369, 50 Am. Rep., 167; Gates v. Blincoe, 2 Dana, 158, 26 Am. Dec., 440; Bollinger v. Commonwealth, supra; Ashbrook v. Commonwealth, 1 Bush, 140, 89 Am. Dec. 616. It is not adequate to leave the commonwealth to repeated prosecutions. The offense is one, in its nature almost always continuous, that may require immediate cessation. Punishment afterward might be wholly inadequate to protect the community from the consequences of the nuisance. Hence the judgment of abatement operates upon the person of the accused, and may be executed by process of contempt, as well as upon the property employed by him in maintaining the nuisance. As to the latter the judgment of the court may be executed by a writ, addressed to the sheriff, who with sufficient force will remove the objectionable feature which has been found and adjudged to constitute the nuisance.

There is no error in the proceedings as against appellant, while those in his favor are not available to

him to reverse the judgment of which he complains.
Judgment affirmed.