# HEIM *v.* UNITED STATES OF AMERICA.

---

PLEA OF GUILTY; WITHDRAWAL; EVIDENCE OF; UNDER PLEA OF NOT GUILTY.

1. A plea of guilty to an indictment afterwards withdrawn by permission of the court cannot be proved against the defendant on his trial upon a subsequent plea of not guilty. (Mr. Chief Justice SMYTH dissenting.)

---

NOTE.—On admissibility in evidence of former plea of guilty subsequently withdrawn, see note in L.R.A.1916E, 640.

2. An instruction of the court to the jury, attempting to place a limita-
tion upon the weight to be given to evidence of a former plea of
guilty which was withdrawn by permission of the court, will not
cure the error of admitting the evidence, but its admission is such
an invasion of the right to a fair and impartial trial that the error
is incurable.

3. The oversight or neglect of counsel to state with legal precision the
grounds of his objection to the admission of evidence of a former
plea of guilty, subsequently withdrawn by permission on a trial,
upon a subsequent plea of not guilty, will not waive the defend-
ant's rights; but the court will, in the furtherance of justice, take
cognizance of the error. (Citing *Miller* v. *United States,* 38 App. D.
C. 361, 364.)

No. 3120. Submitted February 5, 1918. Decided April 1, 1918.

HEARING on an appeal from a judgment of the Supreme
Court of the District of Columbia, on verdict, in a criminal
prosecution for adultery.         *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellant, George W. Heim, defendant below, was convicted
in the Supreme Court of the District of Columbia of the crime
of adultery.

It appears that, when arraigned, defendant entered a plea
of not guilty. Thereafter, when the cause came on for trial,
he appeared in court with counsel who had been representing
him, but who had expressed a desire to withdraw from the case.
The defendant asked the court for a continuance to enable him
to secure other counsel. The request was denied, and defendant
asked leave to withdraw his plea of not guilty and enter a plea
of guilty, which was granted. Thereafter, defendant, through
other counsel, moved the court to strike from the record the plea
of guilty, which motion was granted, and defendant was put
upon trial.

In the course of the trial, counsel for the government offered
to prove the plea of guilty by the introduction of the docket
entry, and the clerk of the court was called for that purpose.
Defendant objected to its admission "on the ground that it was

an involuntary confession." The court overruled the objection, and the clerk was permitted to read to the jury the minutes showing the plea of guilty. This furnishes the only assignment of error to which it will be necessary to give attention.

*Mr. Matthew E. O'Brien,* for the appellant, in his brief cited:

*Bell* v. *United States,* 81 Fed. 830; *Billings* v. *United States,* 40 App. D. C. 353; Bishop, Crim. Proc. Last ed. sec. 798; *Coston* v. *State,* 113 La. Ann. 719; *Graham* v. *State,* 74 N. C. 646; *Krolage* v. *State,* 224 Ill. 456; *Lennan* v. *State,* 13 Allen, 563; *Magee* v. *State,* 46 So. 529; *Masters* v. *United States,* 42 App. D. C. 353; *Meyers* v. *State,* 99 Mo. 120; *McMahon* v. *People,* 15 N. Y. 384; *O'Hara* v. *People,* 41 Mich. 623; *People* v. *McMahon,* 15 N. Y. 384; *People* v. *O'Hara,* 41 Mich. 623; *People* v. *Richmond,* 57 Mich. 399; *People* v. *State,* 53 Fla. 81; *Richmond* v. *People,* 57 Mich. 399; *Star* v. *State,* 86 S. W. 1023; *State* v. *Coston,* 113 La. Ann. 719; *State* v. *Graham,* 74 N. C. 646; *State* v. *Krolage,* 224 Ill. 456; *State* v. *Lennan,* 13 Allen, 563; *State* v. *Magee,* 46 So. 529; *State* v. *Meyers,* 99 Mo. 120; *State* v. *Pope,* 53 Fla. 81; *State* v. *Star,* 86 S. W. 1023; *State* v. *Williams,* 45 La. Ann. 1357; *United States* v. *Bell,* 81 Fed. 830; *United States* v. *Billings,* 40 App. D. C. 353; *United States* v. *Masters,* 42 App. D. C. 353; *Williams* v. *State,* 45 La. Ann. 1357.

*Mr. John E. Laskey,* United States Attorney, and *Mr. Charles W. Arth,* Assistant, for the appellee, in their brief cited:

*Beason* v. *Texas,* 60 L.R.A. 193; *Bibb* v. *State,* — Ala. —, 3 So. 711; *Mexico* v. *Harris,* — Mo. —, 92 S. W. 505; *Coffin* v. *United States,* 162 U. S. 664; *Com.* v. *Brown,* 150 Mass. 330; *Com* v. *Ayers,* 115 Mass. 137; *Com.* v. *Errine,* 38 Ky. 30; *Com.* v. *Hazelline,* 108 Mass. 479; *Com.* v. *Shaw,* 4 Cush. 594; *Dantz* v. *State,* 87 Ind. 398; *Erlick* v. *Com.* — Ky. —, 10 L.R.A. (N.S.) 995, 102 S. W. 289; *Funk* v. *United States,* 16 App. D. C. 478; *Green* v. *State,* 24 So. 537; *Hale* v. *Henkel,* 201 U.

S. 43; *Harris* v. *United States,* 8 App. D. C. 20; *Howgate* v. *United States,* 7 App. D. C. 217; *McAllister* v. *Henkel,* 201 U. S. 90; *Norman* v. *United States,* 20 App. D. C. 494; *People* v. *Gould,* 70 Mich. 240; *People* v. *Jacobs,* 165 App. Div. 721; *People* v. *Ryan,* 82 Cal. 617, 23 Pac. 121; *State* v. *Briggs,* 68 Iowa, 416; *State* v. *Call,* 61 Atl. 833; *State* v. *Carta,* — Conn. —, 96 Atl. 411; *State* v. *Hermanson,* — N. D. —, 132 N. W. 415; *State* v. *Myers,* 99 Mo. 117, 12 S. W. 516; *State* v. *Van Winkle,* 80 Iowa, 15; *State* v. *Wentworth,* 65 Me. 234; *Travers* v. *United States,* 6 App. D. C. 450; *Wallace* v. *United States,* 18 App. D. C. 152; 5 Wigmore, Ev. 2d ed. Supplement-Index, 233.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Confessions belong in two general classes,—judicial and extrajudicial. Judicial confessions may be divided into two kinds,—those made by way of plea of guilty, or otherwise, before a committing magistrate, and which form a part of the preliminary record upon which the case is sent to the grand jury for indictment; and those made by way of plea of guilty to an indictment or information when the accused is arraigned in the trial court. To the latter class the confession before us belongs. The objection here is that the plea of guilty was not voluntarily made. This objection goes to the admissibility of the confession. There is but a single question presented,—Is such an admission of guilt ever made under such circumstances as to make it competent evidence upon a trial under a substituted plea of not guilty?

A plea of guilty to an indictment is made under conditions of duress which require the utmost discretion in receiving it. A defendant should only be permitted to enter such a plea after being admonished by the court as to its consequences. When thus made, he waives the right to trial by jury, and solemnly confesses the truth of the charge made in the indictment.

We are not here concerned with the rules which govern the admissibility of extrajudicial confessions or judicial confessions made before a committing magistrate, which stand upon

an entirely different plane from the grade of judicial confessions we are here considering. The plea of guilty to an indictment amounts to a conviction. It is a conclusive confession of the truth of the charge; hence, the admission of such a plea in the trial under a substituted plea of not guilty, if the confession is to be given the legal inferences which render confessions as matter of law admissible, must logically be sufficient without corroboration to sustain a verdict of guilty. *Matthews* v. *State,* 55 Ala. 187, 28 Am. Rep. 698; *State* v. *German,* 54 Mo. 526, 14 Am. Rep. 481.

Our attention has been called to but three instances in the jurisprudence of this country where a plea of guilty to an indictment has been used against a defendant in the trial on a substituted plea of not guilty to the same indictment. In *State* v. *Meyers,* 99 Mo. 107, 12 S. W. 516, the defendant, when the indictment charging him with murder was read to him, in open court, pleaded guilty. The court refused to receive the plea, which was not recorded, and set the case for trial. At a subsequent term of the court in the course of the trial the prosecution was permitted to prove by the clerk of the court and others the plea of guilty offered at the previous term of the court. Holding the evidence inadmissible, the appellate court said: "Such testimony should not have been admitted. The confession being what is termed 'a plenary judicial confession,' that is, a confession made before a tribunal competent to try him, was sufficient whereon to found a conviction. 1 Roscoe, Crim. Ev. 8th ed. 40. Consequently, the trial court might have proceeded at once to pass sentence upon the accused. * * * No one would contend that, if the plea of guilty had been entered of record, such plea could have been received in evidence against the defendant, and yet the same principle is involved whether the plea actually go upon record or not; in either case, it must, if received in evidence, be *conclusive* of the defendant's guilt. * * * By refusing to receive the plea and granting the defendant *a trial,* this of necessity meant a trial with the issues of fact to be determined by the jury, and not to be determined by the previous plea of the defendant, which admitted all that the State desired to prove. In short,

the trial court could not refuse to receive the defendant's plea of guilty at one time, and then use it against him at another."

In *People* v. *Ryan,* 82 Cal. 617, 23 Pac. 121, the defendant, under a statute of California granting the right, withdrew a former plea of guilty and entered a plea of not guilty. At the trial, the prosecution was permitted to introduce the record of the plea of guilty. The court, reversing the judgment of conviction, said: "The case stands thus, without the evidence of a withdrawn plea of guilty, for which, by authority of law and the court, a plea of not guilty was 'substituted,' the defendant could not have been legally proved or found guilty. Can it be that a privilege thus conceded to a defendant of *substituting* one plea for another is to have the inevitable effect of defeating the whole object of the 'substituted' plea? We do not think that the legislature, in passing the law under which the defendant was allowed to nullify and render *functus officio* his plea of guilty by substituting or putting in place of it a plea of not guilty, intended to say that, notwithstanding such substitution and doing away with the first plea, it may be given in evidence and sometimes serve as the only conclusive proof of a man's guilt under the plea of not guilty. Of what use practically would such a privilege to a defendant be, as that granted by section 1018 of the Penal Code, if its construction is to be such as that contended for by the respondent?"

The only case cited directly in point which holds that a former plea of guilty to an indictment is admissible against the defendant on trial upon a substituted plea of not guilty to the same indictment is *State* v. *Carta,* 90 Conn. 79, L.R.A.1916E, 634, 96 Atl. 411, decided by the supreme court of errors of the state of Connecticut. Three judges announced the majority opinion, resting the decision upon the case of *Com.* v. *Ervine,* 8 Dana, 30, a case of remote analogy, as we shall observe later. Two judges joined in a dissenting opinion, not only conclusive in its reasoning, but in which an overwhelming array of authority is marshaled.

The text-writers seem to be unanimous in condemnation of the practice. Wharton, in his work on Criminal Evidence, 10th ed. sec. 638, says: "Where a plea of guilty is withdrawn by the per-

mission of the court, it is not binding as a confession, nor can it be used as evidence."

In 2 Enc. Pl. & Pr. 779, the rule is announced as follows: "The effect of withdrawing a plea is to render it *functus officio,* and it cannot afterwards be given in evidence against the accused."

In 8 R. C. L. p. 112, the subject is summarily dismissed, with the suggestion that "it is hardly necessary to state that, when a plea of guilty has been withdrawn and a plea of not guilty entered, the plea of guilty is not admissible in evidence against the accused."

In 12 Cyc. 426, the rule, as deduced from the authorities, is stated as follows: "A voluntary offer by the accused before trial to plead guilty on terms to the offense charged is competent as his admission, but a withdrawn plea of guilty in place of which a plea of not guilty has been substituted by leave of the court is not competent as an admission."

In Abbott's Criminal Trial Brief, p. 314, the author states as a rule of evidence that "a plea which has been held invalid, and superseded by the plea on which the accused is tried, cannot be read in evidence against him."

A number of cases have been cited by counsel for the government where admissions of guilt made before a committing magistrate have been used against the accused in the trial court. As we have observed, these are judicial confessions of a lower grade, and are insufficient, without corroboration, to support a judgment of conviction. As to the admissibility of such confessions, we are not called upon to express an opinion in this case. In *Com. v. Ervine, supra,* strongly relied upon by counsel for the government, defendant pleaded guilty to an indictment charging a misdemeanor, upon which the court sentenced him to pay a fine. Appeal was taken; the judgment was reversed, and, in the second trial, he pleaded not guilty. It was held that the record of the admission of guilt on the former trial could be used against him. But this was a complete record, which defendant had deliberately made against himself, and on which he elected to stand through an appeal to a higher court. When reversed, he elected to abandon his former posi-

tion and avail himself of a new line of defense. While the *Ervine Case* stands alone and furnishes the sole support for the majority opinion in the *Carta Case,* we think it is only remotely analogous to the case at bar.

Nor can the error be cured by an instruction of the court to the jury attempting to place a limitation upon the weight to be given evidence of such a confession. Its admission under any circumstances is such an invasion of the right of one accused of crime to a fair and impartial trial that the error is incurable. It is so destructive of the rights of the accused that the court will not stop to examine into the technical accuracy of the objection made to its admission, but will, in the furtherance of justice, take cognizance of the error and refuse to charge the defendant with any waiver of his rights through the oversight or neglect of his counsel to state with legal precision the grounds of his objection. *Wiborg* v. *United States,* 163 U. S. 632, 41 L. ed. 289, 16 Sup. Ct. Rep. 1127, 1197; *Crawford* v. *United States,* 212 U. S. 183, 194, 53 L. ed. 465, 470, 29 Sup. Ct. Rep. 260, 15 Ann. Cas. 392; *Miller* v. *United States,* 38 App. D. C. 361, 364, 40 L.R.A.(N.S.) 973.

But it is sought to distinguish the *Ryan Case,* in that the plea was withdrawn under a right conferred by statute, while here its withdrawal was permitted in the discretion of the court. Indeed, the presumptions in favor of the defendant are stronger here than in the *Ryan Case.* There, he could withdraw his plea under a right conferred by statute, irrespective of the circumstances which may have induced him to make it; but here, the mere fact that the court permitted the withdrawal might well admit of the implication that the plea of guilty had been improperly received. The most charitable treatment which the contention deserves is to consider the situations, in point of law, analogous. Whether the plea of guilty is withdrawn in the exercise of a statutory privilege or by the permission of the court, the defendant stands for trial upon a plea of not guilty, and is entitled to all the safeguards and presumptions of innocence which the humanity of the law extends to one on trial where life or liberty is at stake. He stands upon a substituted plea of not guilty, and it matters not how the plea of

guilty was set aside, whether by express or implied authority of law. The authority for the act, so long as it existed, fixed the status of the defendant. After the plea of guilty was withdrawn, the case was in precisely the same condition as if the plea of not guilty had been originally entered. The admission of guilt had disappeared from the case, because the court, in the exercise of its sound discretion, had determined that, in justice, it should go out of the case. When it was stricken out, its evidential effect as a confession disappeared. To reinstate it in the form of evidence against defendant is to deprive him of any advantage gained by the withdrawal of the plea of guilty, and restore him to a position where inevitable conviction awaited him at the hands of the jury. As was said in the dissenting opinion in the *Carta Case,* 90 Conn. 79, L.R.A. 1916E, 634, 96 Atl. 411: "Considerations of fairness would seem to forbid a court permitting for cause a plea to be withdrawn for cause, and at the next moment allowing the fact of the plea having been made, to be admitted in evidence with all its injurious consequences, as an admission or confession of guilt by the accused. The withdrawal is permitted because the plea was originally improperly entered. No untoward judicial effect should result from the judicial rectification of a judicial wrong."

The judgment is reversed, and the cause remanded for a new trial. *Reversed and remanded.*

Mr. Chief Justice SMYTH dissenting:

I am unable to concur in the judgment of the court. By the decision just delivered, a plea of guilty in the trial court, no matter how freely made, if subsequently withdrawn, cannot afterwards be used against the defendant as evidence upon his trial in a criminal case. The question is new in this jurisdiction. It is said that there are not many decisions one way or the other upon the question, and that those which exist are fairly well divided in point of number, some favoring the admission of the plea and others opposing it. It is then for us to decide which is sustained by the better reasoning. To my mind there

is no sound argument for holding, in the absence of a statute on the subject, that the voluntary confession of guilt by an adult, no matter where made, is not admissible against him. He is a free agent, and should be held responsible under all circumstances and everywhere for his deliberate acts. If he had confessed his guilt in a magistrate's court, but subsequently asserted innocence in the trial court, the confession could be used against him. Upon this point the authorities seem to be agreed. (*State* v. *Call.* 100 Me. 403, 61 Atl. 833; *Green* v. *State,* 40 Fla. 474, 24 So. 537, 11 Am. Crim. Rep. 253; *People* v. *Gould,* 70 Mich. 240, 14 Am. St. Rep. 493, 38 N. W. 232; *State* v. *Briggs,* 68 Iowa, 416, 27 N. W. 358; *Dantz* v. *State,* 87 Ind. 398; *Com.* v. *Brown,* 150 Mass. 330, 23 N. E. 49; *Ehrlick* v. *Com.* 125 Ky. 742, 10 L.R.A.(N.S.) 995, 128 Am. St. Rep. 269, 102 S. W. 289; *People* v. *Jacobs,* 165 App. Div. 721, 151 N. Y. Supp. 522; *Beason* v. *State,* 43 Tex. Crim. Rep. 442, 60 L.R.A. 193, 67 S. W. 96; *Mexico* v. *Harris,* 115 Mo. App. 707, 92 S. W. 505.)

In the *Call Case,* the supreme judicial court of Maine, referring to a former plea, said: "A plea of guilty in court is a confession of the crime charged in the complaint or indictment, and it may be proved like any other confession." In principle the confession in a magistrate's court cannot be distinguished from a plea in the trial court. Both are parts of a judicial proceeding. The confession before the magistrate is not admissible until its voluntariness has been established; neither should be the plea of guilty in the trial court. But when this is done, it seems to me there can be no just cause for rejecting it. If the defendant had freely made a confession of guilt on the street in a casual, perhaps thoughtless, conversation, or in a jail, or anywhere else except in the trial court, it would be admissible, it seems, against him. Why discriminate against the trial court? The confession there is usually made after a long time for deliberation and ample opportunity to consult counsel. On what footing should it be denied probative force while this force is accorded to admissions made in other places perhaps with less consideration and certainly under circumstances less solemn. Not only that—a trial court plea of

guilty cannot be used, according to the majority opinion, even though there is uncontradicted evidence that it was made on the advice of counsel and with the utmost deliberation and freedom.

In *State* v. *Hermanson,* 22 N. D. 125, 132 N. W. 415, Ann. Cas. 1914A, 1052, the court decided that "a plea of guilty to be admissible in evidence need not have been made in the prosecution in which it is offered."

The supreme court of Kentucky in *Ehrlick* v. *Com.* 125 Ky. 742, 10 L.R.A.(N.S.) 995, 128 Am. St. Rep. 269, 102 S. W. 289, said of a defendant: "His own admissions, voluntarily made, were clearly competent evidence against him. That he made the confession in court can detract nothing from its relevancy or its probative force. He was not bound to have pleaded guilty in the police court. His plea was voluntary, was understandingly made, and was made for the express purpose of admitting the truth.   *   *   *   "

In the leading case of *State* v. *Carta,* 90 Conn. 79, L.R.A. 1916E, 634, 96 Atl. 411, we find this pronouncement: "It would seem that the same principle which admits the admission or confession of the accused in the lower court to be introduced against him in the upper court should admit, with the same consequence, his confession by a plea of guilty, afterward withdrawn, in the upper court.   *   *   *   Withdrawal of the plea withdraws the evidence of conviction, but it does not withdraw the fact that such a plea was entered. It is as competent to give evidence of that fact as to give evidence that a similar fact occurred in the justice or magistrate's court. Neither is conclusive upon the accused." To my mind this reasoning is unanswerable.

For more than thirty years there was a statute of the United States providing that "no pleading of a party   *   *   *   shall be given in evidence   *   *   *   against him   *   *   *   in any criminal proceeding.   *   *   *   " Rev. Stat. sec. 860. Clearly, under this, a plea of guilty, which is a pleading, would be incompetent as evidence. But this statute was repealed in 1910. 36 Stat. at L. 352, chap. 216. This is a revealing in-

stance of the fact that Congress was unwilling that such a restriction should exist.

Defendant relies upon *People v. Ryan,* 82 Cal. 617, 23 Pac. 121; *State v. Meyers,* 99 Mo. 107, 12 S. W. 516; Wharton, Ev. sec. 638; 2 Enc. Pl. & Pr. 779; 8 R. C. L. p. 112; 12 Cyc. 426; and Abbott, Crim. Trial Brief, p. 314, as establishing that a withdrawn plea of guilty is not valid evidence tending to show guilt. When critically examined, they do not uphold his contention.

In the *Ryan Case* the court was construing a statute. It said: "We do not think the legislature, in passing the law in which the defendant was allowed to nullify and render *functus officio* his plea of guilty by substituting or putting in place of it a plea of not guilty, intended to say that notwithstanding such substitution and doing away with the first plea, it may be given in evidence and sometimes serve as the only conclusive proof of a man's guilt under a plea of not guilty." This means that the legislature, in the judgment of the court, had forbidden the use of the plea as evidence against the accused. Besides, it seems to be a rule of decision in California that a superseded pleading, even in a civil case, becomes *functus officio* and is without evidentiary value as an admission. *Mecham v. McKay,* 37 Cal. 154; *Ponce v. McElvy,* 51 Cal. 222; *Wheeler v. West,* 71 Cal. 126, 11 Pac. 871. This being so in a civil case, it is not difficult to understand why a superseded pleading in a criminal case could not be used as evidence against the pleader.

In the *Meyers Case,* the court rejected the plea on the assumption that "it must, if received in evidence, be conclusive of the defendant's guilt." This is a radical misconception and seems to be based upon a statement found in Roscoe's Criminal Evidence, 8th ed. 40. I do not claim for the evidence any such effect; nor do the authorities or the reason which support the reception of the plea give it that importance. It is to be treated as a confession merely, to be weighed and measured by the jury and given effect or totally rejected as the triers of fact may think proper.

Hence I do not think either of these decisions is, in principle,

opposed to the admission of a plea of guilty for the purpose just indicated.

Wharton's Criminal Evidence, 10th ed. which, as I view it, is quite different upon this point from its 9th and earlier editions, cites three cases in support of its statement that a withdrawn plea cannot be used in evidence. I have examined each of those cases, one English and two American, and none even touch the subject. They all deal with the right of the defendant to withdraw a plea of guilty,—quite a different matter. The rule announced in Enc. Pl. & Pr.; R. C. L. and Cyc. cited in support of the defendant, rests entirely upon the decision in the *Ryan Case*, which, as I have shown, is distinguishable from the case at bar. Abbott's Criminal Trial Brief also cites the *Ryan Case* and in addition *Com. v. Lannan.* 13 Allen, 563. In the latter case the plea was signed by defendant's counsel only. Of course it could not be used as evidence against him.

From the foregoing, these deductions follow: (a) That by the voice of the authorities, practically unanimous, a plea of guilty in a lower court, if voluntarily made, is admissible as evidence against the defendant in the trial court; (b) that the authorities cited in the majority opinion, when properly understood, do not warrant the proposition that a plea withdrawn in the trial court may not afterwards be used against the defendant as a confession; and (c) that the weight of reason and authority supports the conclusion that such a plea is competent as evidence against the defendant upon a subsequent trial.

Something is said about the humanity of the rule which opposes the admission of the plea, and inferentially the inhumanity of its converse. But if it is not inhuman to admit a confession of guilt before a magistrate, how does it become so to admit one made before a trial judge after greater time for thought by the defendant?

In the case at bar the defendant objected to the admission of the plea because, as he alleged, it had not been voluntarily made. Thus the burden was thrown upon the government to lay the proper foundation for its introduction, and the court in receiving it without such foundation erred; but the defendant extracted from this error all its vice by assuming the responsi-

bility of showing that the plea was not voluntarily made, and then requesting the court to instruct the jury that, if they found it was not so made they should disregard it, which request was granted. We must assume that the jury, if they attached any value to the plea, decided that it was voluntary; hence the error committed in admitting it is not reversible.

The bar associations of the country, writers on juridical subjects, sociologists, and others who have given thought to the matter, complain of the great laxity which exists in the administration of our criminal law. They point out that one who can, through the skill of counsel, avail himself of all the opportunities the law affords for escape, may have little fear of punishment; that the course between an indictment and the final conviction, which may be made very long, has numerous byways for escape; and that as a result there is little respect for our criminal law in certain quarters.

However this may be, I am not willing, in the absence of legislation, and especially after Congress has indicated a contrary view (36 Stat. at L. 352, chap. 216, *supra*), to make more difficult the government's work in attempting to bring to justice men charged with crime. Such men are undoubtedly entitled to a fair trial, but they are not deprived of such a trial by the court admitting in evidence against them their own voluntary statements.

In my opinion the defendant was rightfully convicted, and the judgment should be affirmed.