## Strader v. Commonwealth.

March 22, 1946.

Elmer Drake for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

Appellant was indicted for the offense of maintaining a common nuisance. He was convicted and his punishment fixed at six months confinement in jail and a fine of $3000. He operated a restaurant at the corner of Mill and Short Streets in Lexington known as the Royal Cafe. The restaurant maintained a bar and sold intoxicating liquors by the drink under a proper license. At the rear of the restaurant there is a door which leads to a basement in which is located the Sinalco Club, also operated by appellant. There is another bar in the basement from which drinks are served to the customers of the club.

In the early morning of Sunday, September 16, 1945, Fred Haley visited the restaurant and later entered the basement club room of the Sinalco Club. A short time thereafter he left the premises and procured a warrant for the arrest of appellant.

About 2:45 A. M. of the same day several police officers went to the restaurant for the purpose of executing this warrant on the appellant. The door to the restaurant was opened by some one on the inside and the officers proceeded to the door that leads to the club in the basement. The person who admitted the officers to the restaurant attempted to bar the basement door, but

with the use of some force, the extent of which is not clear, the police entered the basement and served the warrant. They found more than seventy people congregated in the basement club room, and all of the officers who testified said that they found gambling equipment consisting of a large crap table of the professional type, on which there were some poker chips, dice and a rake or "drag stick." In addition to this equipment there were four slot machines, one 25c machine, one 10c machine, and two 5c machines, each of which contained money. The police confiscated all of this equipment. There is no evidence of any actual gambling taking place at the time of the raid.

Each of the police officers who testified stated that the persons gathered in the club room were drinking various forms of alcoholic drinks, including liquors and beer, and the police also confiscated some partially empty bottles of beer and some samples of the whiskey, wine, rum, gin and various mixers which were on the basement bar. The officers arrested the appellant and all the customers, and all were taken to the police station.

On the next day a trial was had in the police court and the appellant pleaded guilty to all charges including the specific charge of maintaining a nuisance on the premises referred to.

The evidence for the Commonwealth shows that for a period of approximately one year prior to the day of the raid people were seen as often as an average of four times a week leaving the restaurant in a drunken and boisterous condition. It is in evidence that many of the patrons were forcibly evicted from the building and that fights occurred on the street in front of the premises. These occurrences usually took place between twelve midnight and four A. M. on Sundays as well as week days.

Several of the witnesses introduced for the Commonwealth refused to admit they saw any evidence of gambling or drinking on the premises. The appellant introduced no testimony.

Appellant seeks a reversal on the following grounds:

First: That the evidence was obtained illegally because the officers failed to first demand admittance and explain the purpose of such demand. Section 40 of the Criminal Code of Practice.

Second: That there is no evidence that gaming had taken place on the premises prior to the time of the raid, and that an individual can not be guilty of maintaining a nuisance unless there has been a repetition of the alleged offense.

Third: That the sale of intoxicants between 12:01 A. M. Sunday and 6 A. M. Sunday is not prohibited by Statute, and—

Fourth: That the instructions were erroneous.

These points will be discussed in order:

First: Section 40 of the Criminal Code of Practice is as follows:

"To make an arrest, an officer may break open the door of a house in which the defendant may be, after having demanded admittance and explained the purpose for which admittance is desired."

Section 43 of the Criminal Code of Practice provides that:

"No unnecessary force or violence shall be used in making the arrest."

It is argued that before a peace officer can make a legal arrest under the circumstances in this case, he must comply with the provisions of the Code sections quoted above; and since the evidence shows that the inner door to the entrance of the Sinalco Club was broken in order to gain admission, and there is no testimony showing a demand for admission, the arrest was illegal.

There is some conflict in the testimony as to the extent of force used in gaining admission to the Sinalco Club, but assuming that appellant's construction of the evidence is correct, we point out that all of the evidence shows that no force whatever was used to gain admission at the outside entrance of the premises. It is not necessary to decide this exact question, for Subsection (5) of Section 70.180, KRS, provides that:

"In executing a writ of habeas corpus or any criminal or penal process requiring an actual arrest, the sheriff or other officer may break open any door of the dwelling or other house of the defendant, or any other person, if it is necessary to enable him to make the arrest."

It is clear that this section was in no way violated. If there be any conflict in the Statute and the Code, it is only necessary to point out that the Statute is a part of the Kentucky Revised Statutes enacted by Chapter 208 of the Acts of the regular session of the 1942 General Assembly, and under the rule of statutory construction effect must be given to the last enacted Statute. Consequently, we need look only to the provisions of the Statute referred to, and since there is no violation of this Statute appellant's contention can not be sustained.

Second: Having determined that the arrest was legal and that admission to the Sinalco Club for the purpose of the arrest was gained lawfully, it follows that the evidence as to gambling equipment was competent. Therefore, it would indeed be difficult to accept the argument that gambling had not been permitted on the premises on and before the day of the raid. The presence of the professional dice table, the chips, the dice, "drag stick" and the slot machines is a sufficient answer.

Reference is also made to the evidence concerning the disturbances created by drunken and boisterous patrons which had continued for about one year before the raid. There is ample evidence to show frequent repetition of the acts which constitute the nuisance.

Moreover, we are inclined to the view that appellant was maintaining a nuisance per se. A nuisance per se is usually defined as an act which is a nuisance at all times and under any circumstances, regardless of location or surroundings. See 39 Am. Jur. Sec. 11, page 289. A nuisance per se is a nuisance in and of itself which can not be so conducted as to be lawfully carried on or permitted to exist. It is not permissible or excusable under any circumstances. Ehrlick v. Commonwealth, 125 Ky. 742, 102 S. W. 289, 10 L. R. A., N. S., 995, 128 Am. St. Rep. 269, and Adams et al. v. Commonwealth, 162 Ky. 76, 171 S. W. 1006, L. R. A. 1916C, 651.

Third: This asks for a rather strained construction of Section 244.290, KRS. It is provided there that no premises licensed for the sale of distilled spirits shall be permitted to remain open for any purpose "between midnight and 8 A. M., or at any time during the twenty-four hours of a Sunday * * * Provided, however, that no distilled spirits or wine may be sold in any portion of the counties containing cities of the first, second or third

class during the twenty-four hours between 6 A. M., Sunday and 6 A. M., Monday * * *."

It is claimed that the last portion of the Statute quoted from gives a licensee, in the counties specified, the right to sell intoxicating liquors until 6 A. M. on Sundays, and this being true appellant violated no law in continuing the sale of intoxicants up to that time. To give the Statute such construction would be to completely ignore the remaining provisions of the section.

Fourth: The instructions were clear, unambiguous and are supported by the indictment and the evidence. Actually, appellant's whole argument as to the instructions is based upon his previous contentions that—(1) the evidence obtained was inadmissible, and (2) that he had a right to sell whiskey until 6 A. M. on Sunday. Having previously disposed of these arguments adversely to appellant, it follows that the instructions were correct.

Believing that the questions raised by this record are of sufficient importance to justify this opinion, appellant's motion for an appeal is sustained, but, in accordance with the views herein expressed, the judgment is affirmed.