COMMONWEALTH *vs.* JAMES LANNAN.

SAME *vs.* PETER FLOOD.

SAME *vs.* GEORGE W. HAMBLETT.

SAME *vs.* SAMUEL HAMER.

SAME *vs.* JOSEPH B. SHUTE.

SAME *vs.* GEORGE W. HAMBLETT.

SAME *vs.* JOSEPH B. MORRIS.

SAME *vs.* LAWRENCE MILLER.

After a plea of not guilty, the defendant in an indictment cannot file another plea without leave of court. So after a plea of not guilty and a trial thereon in the police court, the defendant in a complaint cannot file another plea in the superior court, on his appeal, without leave of court.

A plea in bar to an indictment for a violation of the statutes of this commonwealth, concerning the manufacture and sale of intoxicating liquors, is not good, which sets up in defence that the defendant had a license granted under the internal revenue laws of the United States, and had paid a tax to the United States upon the liquors, and that the statutes in question are unconstitutional, as requiring excessive bail, imposing excessive fines, and inflicting cruel and unusual punishments; and there is nothing in such plea requiring an answer from the district attorney.

After the filing of an invalid plea in bar to an indictment, the defendant may properly be required to plead further, and, if he refuses to do so, a plea of not guilty may be entered for him, under Gen. Sts. c. 171, § 29.

The omission of the district attorney to make any formal reply to an invalid plea in bar to an indictment will not make the averments thereof competent evidence in favor of the defendant.

Requiring a witness to produce a memorandum which is not in court, and which he has not been summoned to produce, is a matter within the discretion of the presiding judge.

The defendant in an indictment, by offering himself as a witness, waives his right to object to any question pertinent to the issue, on the ground that the answer may tend to criminate him.

Requiring a witness to answer a question to which he objects on the ground that it may tend to criminate him will not be a ground for sustaining exceptions and granting a new trial, if the bill of exceptions does not show what his answer was.

A plea in bar drawn by the attorney of the defendant in an indictment, and filed in the case, if rejected as invalid by the court, is not competent evidence against the defendant on the trial, upon his plea of not guilty.

THE *first* of these cases was an indictment against James Lannan, under Gen. Sts. *c.* 87, § 6, charging him with keeping and maintaining a tenement used by him for the illegal sale and illegal keeping of intoxicating liquors.

The defendant, by his attorneys, filed a special plea in bar, alleging that the defendant had a license granted under the internal revenue laws of the United States, and had paid a tax to the United States upon the liquors, and that the statute in question is unconstitutional, as requiring excessive bail, imposing excessive fines, and inflicting cruel and unusual punishments, and he moved, in the superior court, that the district attorney be required to answer this plea; but *Brigham*, J. refused so to order, and directed the defendant to be tried by the jury upon the plea of not guilty, pleaded by him after the special plea.

At the trial, which was in Essex county, John G. Brown, a witness for the Commonwealth, having testified on cross-examination that he looked at a memorandum made by him of the facts to which he testified, before leaving Boston on the morning of the trial, for the purpose of refreshing his memory, and that the memorandum was in Boston at the time of his testifying, the defendant's counsel requested the court to require the witness to produce the memorandum, and to suspend the trial in order to allow the witness to go to Boston and get it; but the judge refused to do so.

The defendant, having testified in his own behalf that he sold out all his interest in the place to James Dougherty, was asked

on cross-examination if Dougherty continued selling. The defendant's counsel objected to this on the ground that his answer would criminate him, as the defendant was the owner of the building; but the judge directed the defendant to answer the question.

Dougherty, having testified in behalf of the defendant that he purchased the place and was the owner and keeper thereof during all the time covered by the indictment, was asked on cross-examination if he sold liquors there. He declined to answer on the ground that it would tend to criminate him, and the defendant's counsel objected to his being compelled to answer; but the judge directed him to answer.

The defendant requested the court to instruct the jury that by the laws of the United States all liquors are subject to a United States revenue tax; that the United States laws punish the non-payment of such tax by any persons manufacturing or selling the same; that the presumption of the law is that such tax has been paid upon the liquors charged to have been kept and sold in this case; that such payment would be a good defence to this indictment; and that, the district attorney not having traversed or demurred to or in any way answered the special plea in bar, the same should be taken as true, and as a good defence to this indictment; but the judge declined to give these instructions.

The district attorney, in his argument to the jury, was allowed, against the defendant's objection, to read and comment on the defendant's plea in bar, it not having been read to them before, and to insist that the same was an admission by the defendant of all the facts stated therein; and the judge instructed the jury that the statements therein might be considered by them as evidence in the case.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

The *second* case was an indictment against Peter Flood, and the *third* case was an indictment against George W. Hamblett, under the same statute. In each case, the defendant filed a special

plea in bar, like that mentioned in *Lannan's* case, and made a similar motion; but *Brigham*, J. overruled the motions and directed the defendants severally to be tried by the jury upon their pleas of not guilty, pleaded by them respectively after the special pleas. At the trials, the defendants severally requested instructions like those requested in *Lannan's* case, but the judge declined to give them. The jury in each case returned a verdict of guilty, and the defendants severally alleged exceptions.

The *fourth* case was an indictment against Samuel Hamer, under the same statute, and only differed from the cases of *Flood* and *Hamblett* in this respect: that Hamer refused to plead further, after his plea in bar, and *Morton*, J. accordingly ordered a plea of not guilty to be entered by the clerk, and the defendant was tried upon that plea.

The *fifth* case was an indictment against Joseph B. Shute, and the *sixth* case was a complaint, made to the police court of Newburyport, against George W. Hamblett, under the same statute. Shute pleaded not guilty in the superior court, and Hamblett pleaded not guilty in the police court, and was found guilty, and appealed to the superior court; and thereafter each defendant moved for leave to file the special plea; and in other respects the cases were like the cases of *Flood* and *Hamblett*, above recited.

The *seventh* case was an indictment against Joseph B. Morris, under the same statute, and was in all respects like the case of *Flood*, with this addition: that the district attorney was allowed. in his argument to the jury, to read and comment on the plea in bar, as in *Lannan's* case, and similar instructions on this point were given to the jury.

The *eighth* case was a complaint, made in the police court of Salem, against Lawrence Miller, charging him with a single sale of intoxicating liquor. In the police court, the defendan

' waived an examination, admitting that he was guilty," where-upon he was found guilty and appealed. The proceedings in the superior court were like those in the *sixth* case, being the second case of *Hamblett.*

These cases were all argued together in January 1867.

*N. Richardson,* for the defendant.

*Reed,* A. G., for the Commonwealth. The statutes in ques-tion are ·constitutional. *Commonwealth* v. *Hitchings,* 5 Gray, 482. The special plea did not purport to answer the whole charge. *Peers* v. *Henriques,* 2 Ld. Raym. 841. *Manchester* v. *Vale,* 1 Saund. 27, *n.* 3. *Woodward* v. *Robinson,* 1 Stra. 302. *Earle* v. *Hall,* 22 Pick. 106. *Parker* v. *Parker,* 17 Pick. 240. Gould Pl. *c.* 6, § 105. Gen. Sts. *c.* 171, § 29. Under a plea of not guilty, all the special matters might have been proved. *Brolley* v. *Lapham,* 13 Gray, 297. *Sibley* v. *Leffingwell,* 8 Allen, 586, and cases cited. *Commonwealth* v. *Cashman,* Ib. 580. The district attorney might demur *ore tenus. Rex* v. *Sheen,* 2 C. & P. 634. *Rex* v. *Parry,* 7 C. & P. 836. In *Lannan's* case, the rulings on points of evidence were correct. See *Chapin* v. *Lap-ham,* 20 Pick. 473, as to the production of the memorandum; *Commonwealth* v. *Shaw,* 4 Cush. 594, and *Foster* v. *Pierce,* 11 Cush. 439, as to requiring the witnesses to testify.

HOAR, J. These cases have been argued together, and most of the exceptions taken in them are without foundation. The case of Lannan presents the largest number of questions; and the decision in that will dispose of nearly all the other cases.

Each of the defendants filed or offered to file a special plea in bar, which was rejected by the presiding judge, who ruled that the attorney for the Commonwealth was not required to reply or demur to it, and directed the trial to proceed upon a plea of not guilty. In the cases of Shute, Morris, Miller, and the second of Hamblett's, this plea was tendered after a plea of not guilty, and of course could not be filed without leave of the court. 1 Chit. Crim. L. 436. In the case of Hamer, who refused to make any further plea than the special plea in bar, the court ordered a plea of not guilty to be entered. In the other cases the defendants pleaded not guilty.

1. The first point in *Lannan's* case is, that the defendant should not have been required to go to trial on the plea of not guilty until his plea in bar had been disposed of upon demurrer or issue. On examining it, we find that it was wholly insufficient as an answer to the charge in the indictment, and that an issue framed upon it would have been immaterial. The court so regarded and disposed of it. The attorney for the Common-wealth objected that he was not bound to answer it, and the objection was sustained. This amounted to a demurrer *ore tenus*, and the defendant has had all the advantage that he would have had on a demurrer in writing. He has therefore had no prejudice, and has no ground of exception. There was nothing in the plea in bar which, if of any validity, would not have been available to him under the plea of not guilty. It was not a plea which he was entitled to make, and upon his answering over, in compliance with the order of the court, the trial proceeded regularly, and in a legal and proper manner. It is not every paper which a party may choose to tender that will be accepted as a plea to an indictment. It should at least purport to contain a full answer to the charge. " A prisoner is said to stand mute," says Blackstone, " when, being arraigned for trea-son or felony, he either, 1, makes no answer at all; or, 2, an-swers foreign to the purpose, or with such matter as is not allowable ; and will not answer otherwise." 4 Bl. Com. 324. The distinction between the case at bar and *Commonwealth* v. *Merrill*, 8 Allen, 545, is, that in that case there was a plea in bar, sufficient in form, of a former conviction ; and that there was no issue taken upon that plea by which it could be disposed of. It ·was held that to be required to give his evidence of a former conviction at the same time that he was tried on a plea of not guilty might prejudice his defence.

The order of the court to enter the plea of not guilty for Hamer, who refused to plead further, was authorized by Gen. Sts. *c.* 171, § 29. His first plea having been overruled and re-jected, there was no plea made by him on which he could be tried

2. It obviously follows from the decision that the plea in bar

was rightly overruled and rejected, that its statements could not be considered as admitted by the district attorney who refused to answer it.

3. Requiring a witness to produce a memorandum which is not in court, and which he has not been summoned to produce, is a matter within the discretion of the court; and the refusal to require it is no cause of exception.

4. The defendant by offering himself as a witness waives his right to object to any question pertinent to the issue, on the ground that the answer may tend to criminate him. He is not required to testify, and may protect himself by omitting to dc so. *Commonwealth* v. *Price*, 10 Gray, 472.

5. It does not appear by the bill of exceptions what answer the witness Dougherty made to the question asked him, which he objected to answering because it might tend to criminate him ; and it does not therefore appear that the defendant was prejudiced by the order requiring him to answer.

6. The remaining exception is to the ruling of the court, permitting the district attorney to read to the jury the special plea in bar, and instructing them that they might consider the statements contained in it as evidence against the defendant. This we think was erroneous. The plea was drawn by the defendant's attorneys, and signed by them on his behalf ; and was rejected by the court. Under these circumstances it is not to be regarded as a confession or admission which can be used against him. In civil cases, it is expressly provided by statute that the pleadings shall not be used as evidence. Gen. Sts. *c.* 129, § 72. So on a demurrer by the defendant in a case of felony, though the demurrer admits the truth of the facts charged in the indictment, yet he may plead not guilty after the demurrer is adjudged against him, for it is said " that where he unwarily discloses to the court the facts of his case, and demands their advice whether they amount to felony, they will not record or notice the confession ; " and that a demurrer stands upon the same analogy. 1 Chit. Crim. L. 429, 442. And if, on arraignment for a misdemeanor, judgment of *respondeas ouster* is given upon demurrer, it would avail him little to plead not guilty, if

his former plea were to be used in evidence as his confession. Another analogy, which leads to the same conclusion, is to be found in the rule which excludes a prisoner's confession when it has been made under any inducement or hope of advantage. These considerations, which apply to a plea made by the defendant himself, have still more force when applied to pleadings drawn by counsel for a specific purpose which they are not found to answer. They can in no just sense be regarded as confessions by which his rights should be affected.

The verdict in Lannan's case, therefore, and in the case of Morris, in which the same exception was taken, must be set aside and a new trial granted.

The other exceptions taken have not been argued or relied on by counsel, and are overruled.

Against all the defendants except Lannan and Morris,

*Exceptions overruled.*