THE STATE OF CONNECTICUT *vs.* LUIGI MARESCA.

Third Judicial District, New Haven, June Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

If an accused, unrepresented by counsel, pleads guilty without fully understanding the questions propounded to him and the significance and effect of his answers and of his plea, the sentence thereupon imposed should be opened and he should be permitted to withdraw his plea.

A foreigner, having an imperfect knowledge of English, was charged in the City Court of New Haven with the crime of assault with intent to kill. Before being put to plea in that court, however, he was brought before the Superior Court on a bench warrant and charged with assault with intent to murder as a second offense. To this he pleaded guilty, after stating that he had no lawyer and wanted none, although, as later appeared, he had retained attorneys who did not know of the bench warrant. The questions put to him, and his answers, were in English. He was sentenced, and the court subsequently refused to open the judgment, finding that he understood the questions, the terms of the information, and the character of his plea. *Held* that the accused could not have realized the distinction between the two crimes, or the different punishments which might be imposed, nor were his answers regarding counsel consistent with the facts; and in view of the serious character of the charge, and the punishment, the trial court should have opened the judgment and sentence, and permitted the plea to be withdrawn.

Argued June 11th—decided June 13th, 1912.

MOTION at a criminal term of the Superior Court in New Haven County, to open a judgment and sentence of said court, and permit the accused to withdraw his plea of guilty to the charge of assault with intent to murder, second offense, and enter a plea of not guilty; the court, *Holcomb, J.*, denied the motion, and the accused appealed. *Error; proceeding remanded with direction to grant the motion.*

*Edwin S. Thomas*, for the appellant (the accused).

*Arnon A. Alling,* State's Attorney, for the appellee (the State).

PER CURIAM. The accused, an Italian, was on the 12th of December, 1911, arrested and brought before the City Court of New Haven upon a complaint charging him with the crime of assault with intent to kill.

On the 2d of January, 1912, and before the accused was put to plead in the City Court, a bench warrant was issued by the Superior Court, at a criminal term of said court then in session in New Haven, charging the accused with the crime of assault with intent to murder as a second offense.

On said 2d of January the accused was brought before said Superior Court to plead to said information. Before the information was read to him he was asked, by the State's Attorney, "If he had a lawyer," and he answered "No." The State's Attorney then asked him "if he wanted a lawyer." The accused replied "No, I don't want any lawyer." No attorney of the accused was present, and none was appointed to represent or aid him. The clerk then read the information to the accused, and then said to him: "To this information what is your plea, guilty or not guilty?" The accused replied "Guilty." These questions and answers were in the English language. The court thereupon sentenced the accused to imprisonment in the State prison for not less than fifteen nor more than twenty-five years.

On the 5th of January, 1912, Hoadley and Thomas, attorneys of New Haven, appeared before said Superior Court as counsel for the accused, and moved that said judgment and sentence be opened, and that the accused be permitted to withdraw his said plea of guilty, upon the ground, in substance, that the accused answered said inquiries respecting his having or desiring counsel, as he did, and pleaded guilty to said

The State *v.* Maresca.

information, through a mistake and misunderstanding of the meaning and effect of his answers to the inquiries of the State's Attorney, and of his plea of guilty.

If the accused answered these questions and so pleaded guilty, without fully understanding the significance and effect of his answers, and of his plea of guilty, the judgment and sentence should, under the circumstances, have been opened and the accused permitted to withdraw his plea of guilty.

In the finding of facts upon the motion to open the judgment, the trial court says that it was satisfied that the accused "had sufficient knowledge of the English language, so that he fully understood the questions then asked of him and his replies thereto, and the character and terms of said information as so read to him by said clerk, and of his plea thereto."

But there were other undisputed facts which strongly indicate that the accused did not fully comprehend the purpose and significance of the questions asked him and of his answers given, and the effect and consequences of them, and of his plea of guilty.

The accused was an illiterate Italian, having but an imperfect knowledge of our language. The trial judge can hardly have intended by his finding, to say that the accused fully realized the difference between an assault with intent to kill and an assault with intent to murder, or the different punishments which might be imposed for the commission of a first and of a second offense. The answers of the accused regarding his having or desiring counsel were inconsistent with other uncontroverted facts. The accused had counsel, a fact unknown to the court or the State's Attorney. He had employed the attorneys Hoadley and Thomas to defend him, and had paid them $100, and their names appeared upon the records of the City Court as his attorneys. He had not discharged them. They

were engaged in the preparation of his defense. They were not informed that the accused had been taken before the Superior Court by a bench warrant, nor of his said answers and plea of guilty until after the accused was sentenced. Had they been notified of the issuance of the bench warrant they would have appeared before the Superior Court to defend him.

In view of the serious character of the charge in the information, and its punishment, the trial court, upon the facts and circumstances disclosed by the record, should have granted the motion of the defendant's counsel, and should have opened the judgment and permitted the accused to withdraw his plea of guilty.

There is error, and the proceeding is remanded with direction to open said judgment and sentence, and permit the accused to withdraw his plea.