THE STATE OF CONNECTICUT vs. IGNATIO CARTA.

First Judicial District, Hartford, October Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and GREENE, Js.

The mere presence in the jury-room of a newspaper containing an article hostile to the accused, cannot have prejudiced him in the minds of the jurors if they had not read the article and knew nothing about the newspaper; and therefore cannot furnish a ground for setting aside a verdict of guilty or for suspending sentence thereon.

A plea of guilty, although subsequently withdrawn with permission of the court and replaced by a plea of not guilty, may nevertheless be given in evidence by the State upon the trial of the accused to the jury, not as a judicial confession which dispenses with further proof of the *corpus delicti*, but merely as a fact or circumstance at variance with the claim of innocence, upon the truth of which the jury are to pass. (*Two judges dissenting.*)

Argued October 6th, 1915—decided January 13th, 1916.

INFORMATION for assault with intent to kill, brought to the Superior Court in Middlesex County and tried to the jury before *Bennett, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Daniel J. Donahoe,* for the appellant (the accused).

*Frank D. Haines,* State's Attorney, with whom was *Ernest A. Inglis,* for the appellee (the State).

THAYER, J. After the verdict in this case had been returned by the jury and accepted by the court, the attorney for the accused presented to the court a copy of a newspaper, stating that it had been found in the jury-room, and that he wished to protest against sentence in the case upon the ground that the newspaper contained an attack upon Italians, Irish and Catholics. Several reasons of appeal are based upon the court's action in accepting the verdict and rendering judgment in the case after attention had thus been called to the finding of this newspaper in the jury-room. There was no evidence that any of the jurymen had seen the newspaper, and upon inquiry all of them stated that they had not seen it and knew nothing about it. If, as thus stated by them, they had not seen the paper, they could not have been prejudiced or influenced thereby against the accused, and he was not harmed by its being in the jury-room. The court, therefore, committed no error, after it had satisfied itself that none of the jurors had any knowledge of the contents of the newspaper, in proceeding to pass sentence upon the accused in accordance with the verdict.

The finding shows that the State produced evidence tending to prove that after some words had passed between the accused and the complainant, Bartolotta, the former stabbed the latter in the shoulder, that the latter then stabbed the accused and turned and went away from him, and that the accused pursued him for some distance until Bartolotta fell, when the accused came up to him and stabbed him in the side and back. The accused claimed and offered evidence to prove that he pursued Bartolotta through excitement for a few steps when the latter turned, as the accused thought, to come back and further assault him, whereupon in self-protection he ran for Bartolotta and struck him as he fell, and that the blows were struck in self-defense.

The court charged the jury clearly as to the law relating to self-defense as applicable to the evidence and claims of the parties, and no complaint is made as to the charge as given. Error is assigned upon the court's refusal to charge certain requests which were filed by the accused. So far as these requests contained statements of law applicable to the facts in evidence, they were covered by the charge as given, and the accused was not harmed by the court's neglect to charge in the precise language of the requests. These assignments of error have not been much pressed upon the argument.

The ground of error most insisted upon in the case is that which relates to the court's action in permitting the State, against the objection of the accused, to prove from the record in the case that he had previously in the Superior Court entered a plea of guilty to the same information upon which he was being tried, but had withdrawn that plea by leave of court and entered a plea of not guilty. The accused objected to the admission of this testimony upon the ground that it was not proper to go before the jury, claiming that the plea of guilty had been entered by reason of a misunderstanding between his attorney and the State's Attorney, and also upon the ground that it was immaterial· to the issue and injurious to his rights. The objection was overruled and the evidence admitted.

The record shows that the case was tried to the jury at the same term to which the information was brought, so that the leave to enter the plea of guilty and to withdraw it and to enter the plea of not guilty, was given by the same judge who presided at the trial of the case. A court will not allow a party to enter a plea of guilty until satisfied that it is freely made and that the party making it understands its purport and effect; for the entry of such a plea is in effect a conviction and the equivalent of a finding of guilty by a jury. *State* v.

*Willis,* 71 Conn. 293, 308, 41 Atl. 820. When entered, such a plea cannot be withdrawn (in the absence of a statute permitting it) except by leave of court. It is within the court's discretion to permit it to be done. We suppose that the universal practice in this State has been for the court to exercise that discretion in favor of the accused, and to permit him to change his plea and have a jury decide the question of his guilt. It does not appear from the record whether, at the time the plea was withdrawn, any hearing was had to determine whether the plea of guilty was entered by reason of a misunderstanding between the attorney for the accused and the State's Attorney. If there was no hearing then, the parties to the misunderstanding were officers of the court, were before the court at the time the evidence was objected to, and it must be presumed that, if the court was not already familiar with the circumstances under which the plea was entered and leave obtained to withdraw it, it at once made itself familiar with them and ascertained whether the plea was in fact entered by reason of any misunderstanding which in any way affected the action of the accused in making the confession. The court will be presumed to have done its duty in the first instance, and to have satisfied itself that the plea of confession was made voluntarily and without mistake on the part of the accused before ordering such plea to be entered. The fact that the plea was accepted is prima facie proof that the confession was voluntary, and, as before stated, if not withdrawn, it was conclusive of the guilt of the accused. Where, as in this case, the plea had been withdrawn, it was not conclusive, and it was open to the accused to show, if he could, that the plea was mistakenly entered. It is apparent from the record that the State offered the proof that the accused entered the plea of guilty and afterward withdrew it, not as proof of a judicial confession

which would be conclusive upon the accused, but as showing conduct on the part of the accused which was inconsistent with his claim of innocence before the jury. It was manifestly so regarded and treated by the attorney for the accused and by the court. The State proved not only the fact that the plea was entered, but that it had been withdrawn, showing that the proof was not offered as showing the conviction of the accused by his own plea; and the objection to it was, not that a judicial confession so given in the trial court was not admissible under any circumstances, but that it was entered through a misunderstanding. It was thus by all parties treated as an extra-judicial confession or admission. Such an admission or confession is not conclusive, and, unless further proof to establish the *corpus delicti* is offered, is not sufficient to justify a conviction. *State v. Willis*, 71 Conn. 293, 308, 41 Atl. 820. It appears from the record that such further proof was offered by the State in the present case. When the fact was established that the admission had been made by the accused, the admission was not before the jury as testimony by the accused establishing the truth of all or any of the allegations of the information, but the fact that he had made it—had pleaded guilty—was before them, and was relevant as being inconsistent with his claim to the jury that he stabbed Bartolotta in self-defense and was not guilty. The accused made no claim in the Superior Court, nor on his appeal here, that the fact that a plea of guilty had been entered and withdrawn in the trial court could not be proved in any case against the accused.

But we have been referred to some authorities which hold that evidence of a plea of guilty which the court refused to accept, or which had been entered and afterward withdrawn and a plea of not guilty entered, is not admissible against the accused. In *People* v. *Ryan*, 82

Cal. 617, 23 Pac. 121, a plea of guilty was entered and afterward withdrawn, a statute giving the accused the right to withdraw such plea before sentence. It was held error for the trial court to permit the plea of guilty to be given in evidence upon the trial to the jury upon the plea of not guilty subsequently entered. It does not appear in the report of the case that the evidence was offered to establish a judicial confession, but it appears that no conviction could have been obtained without it, and the court speaks of it as a confession. In *State* v. *Meyers*, 99 Mo. 107, 120, 12 S. W. 516, the court had refused to accept a plea of guilty, but afterward permitted the State to prove that the accused at first pleaded guilty to the charge upon which he was on trial. This was held to be error, the court saying that the trial court properly refused to accept the plea and that the plea "should never have been heard of again." In that case the court treats the plea of guilty, when proved, as conclusive evidence of the guilt of the accused. It says: "By refusing to receive the plea and granting the defendant a trial, this of necessity meant *a trial* with the issues of fact to be determined by the jury, and not to be determined by the previous plea of the defendant, which admitted all that the State desired to prove." The court thus treats the evidence as received as a judicial confession of the accused and so conclusive upon him. Wharton (Criminal Evidence, 10th Ed., Vol. 2, pp. 1326, 1327) says that where a plea of guilty has been withdrawn, it is not binding upon the accused, and cannot be used in evidence against him. In a case in Kentucky (*Commonwealth* v. *Ervine*, 8 Dana, 30) a sentence upon a plea of guilty had been reversed, and, upon a trial thereafter had upon a plea of not guilty entered without objection by the Commonwealth, the former plea of guilty was introduced in evidence, and it was held that it was properly

admitted, but was not conclusive of the guilt of the accused. Where an accused person has pleaded guilty in a justice or other inferior court, and has taken an appeal, or been bound over to a higher court, he is there always permitted to plead anew, and it has always been the rule in this State that upon the trial there the fact that he pleaded guilty in the lower court might be put in evidence either by the record or by testimony of witnesses who were present and heard the accused when he entered the plea. This is not conclusive upon the accused, and is insufficient to warrant a conviction without other evidence to prove the *corpus delicti*. This is the rule in a majority of the other States, although some have held that the confession in the lower court is a judicial confession and sufficient, without independent evidence of the *corpus delicti*, to warrant a conviction. It would seem that the same principle which admits the admission or confession of the accused in the lower court to be introduced against him in the upper court should admit, with the same consequences, his confession by a plea of guilty, afterward withdrawn, in the upper court. The plea of guilty, as was said in *State* v. *Willis*, 71 Conn. 293, 308 (41 Atl. 820), "is conviction," until the plea is withdrawn. The withdrawal of the plea withdraws the evidence of conviction, but it does not withdraw the fact that such a plea was entered. It is as competent to give evidence of that fact as to give evidence that a similar fact occurred in the justice or magistrate's court. Neither is conclusive upon the accused. The evidence in each case establishes a fact which is inconsistent with his later claim before the jury that he is innocent.

Had the accused in the present case, called as a witness in his own behalf, testified that, being stabbed by Bartolotta, he pursued him in the heat of passion and stabbed him intending to kill him, and later, upon

leave to change his testimony, had testified that he
only pursued his assailant for a few steps when the latter
turned upon him and he killed him in self-defense, the
fact that he first gave evidence corroborating the State's
claim of guilt would be a fair matter of comment for
the State's Attorney in his argument to the jury, and a
proper matter for the jury to consider in determining
the weight to be given to the claim of the accused. For
the same reason the conduct of the accused in pleading
guilty and later changing his plea, was a proper matter
to be brought to the jury's attention by the evidence
objected to.

We do not understand that the cases referred to, and
a few others of like import which may be found, are
in conflict with this view. They seem to be decided
upon the view that the evidence was offered and re-
ceived as evidence of a judicial confession which was
conclusive of the guilt of the accused. And Wharton,
in the paragraph to which we have referred, is speaking
of judicial confessions, and we understand the para-
graph to go no further than to say that when such con-
fessions by plea of guilty have been withdrawn, they are
no longer conclusive against the accused and cannot
be used in evidence as judicial confessions against him.
However that may be, we are of the opinion that the
fact that a plea of guilty was entered and afterward
withdrawn may be given in evidence against an ac-
cused for the purposes which we have indicated and for
which it is manifest such fact was offered and received
in the present case.

There is no error.

In this opinion BEACH and GREENE, Js., concurred.

WHEELER, J. (dissenting). The conclusion reached
by the majority supporting the ruling of the trial court

permitting the State, against the accused's objection, to prove, from the record in the case, that he had previously in the Superior Court entered a plea of guilty to the same information upon which he was being tried, is in my opinion unsound in principle, unfair in its treatment of the accused, and contrary to the law.

The State, as I understand the finding, in the presentation of its case in chief offered in evidence the record of the Superior Court showing that the accused had pleaded guilty to the same information on which he was being tried, and had subsequently, by leave of the court, withdrawn that plea and entered a plea of not guilty. To this offer the accused objected, because (1) the former plea had been entered through a misunderstanding between him and the State's Attorney, and (2) it was immaterial and injurious to his rights. The overruling of these objections and the admission of this offer is assigned as a principal reason of appeal.

The State urges in its brief that the previous plea of guilty was admissible as a confession of guilt; that such a plea is an admission that the accused is guilty of the crime charged. The plea of guilty is a judicial confession—in effect it is conviction. The court should not allow an accused to enter a plea of guilty until satisfied that the plea is made freely, and with understanding, and without misapprehension. *State* v. *Willis*, 71 Conn. 293, 308, 41 Atl. 820. Bishop says (Bishop, New Criminal Procedure, Vol. 2, § 747) that from the custom of the court's serving as counsel to the prisoner originated the practice—of universal acceptance today—of permitting prisoners, not as of right, but whenever justice or humanity dictates, to withdraw any plea and substitute another. *State* v. *Branner*, 149 N. Car. 559, 561, 63 S. E. 169; 8 Amer. & Eng. Ann. Cases, 237 note. Courts exercise this discretion when satisfied that the plea was not entered voluntarily, or

resulted from ignorance, inadvertence, unfairness or deceit. *State* v. *Maresca*, 85 Conn. 509, 83 Atl. 635; *Commonwealth* v. *Crapo*, 212 Mass. 209, 210, 98 N. E. 702; *Lowe* v. *State*, 111 Md. 1, 73 Atl. 637; 8 Amer. & Eng. Ann. Cases, 238 note. They refuse to exercise their discretion where no cause is shown adequate for its exercise. *Commonwealth* v. *Winton*, 108 Mass. 485; *Clark* v. *State*, 57 N. J. L. 489, 31 Atl. 979; 8 Amer. & Eng. Ann. Cases, 239 note. If, at the taking of the plea, it appears to the court that the plea of guilty is made under misapprehension or inadvertence, or is not voluntary, the court will not permit it to be entered. When it ascertains that the plea has been so entered, it will exercise its discretion and permit its withdrawal. Why? Obviously because there was no ground originally for permitting its entry. Justice compels the court to undo what had been wrongly done. When such a situation presents itself and the court refuses to exercise its discretion and permit the withdrawal, its action on appeal will be reversed as a manifest abuse of discretion. *State* v. *Maresca*, 85 Conn. 509, 83 Atl. 635. The case, after the withdrawal and the entry of a plea of not guilty, is in precisely the same condition it would have been in had the plea of not guilty been originally entered. The plea of confession has disappeared because justice required that it should go, and with it has necessarily gone, as an evidential factor, every fact which helped to make that confession admissible.

The State's Attorney does not suggest that the fact that the accused made this plea is admissible apart from its evidential value in proof of a confession. The opinion of the court says that it was by all the parties treated as an extra-judicial confession or admission. I do not so understand the record, and I cannot help but feel that such a claim is illogical and overlooks the basis upon which all such evidence is admitted. The

statement made by the accused in open court confesses the crime and proves the record. It is a judicial confession, because made before the court. The record is conclusive evidence of it and the only method of proving it, and hence of proving what the accused did. The fact that a plea of guilty was made in court is not to be treated as an admission. The admission relates to facts that do not involve a criminal intent, while the confession is an acknowledgment of guilt. An admission is made against interest, while a confession must be affirmatively shown to have been made under conditions which would not induce a false statement. 2 Wharton on Criminal Evidence, § 622a.

Considerations of fairness would seem to forbid a court permitting a plea to be withdrawn for cause, and at the next moment allowing the fact of the plea having been made, to be admitted in evidence, with all its injurious consequences, as an admission or confession of guilt by the accused. The withdrawal is permitted because the plea was originally improperly entered. No untoward judicial effect should result from the judicial rectification of a judicial wrong. The majority hold that the fact that the former plea may be explained will be a sufficient protection to the accused. Such a ruling places upon him a burden of disproving a fact which does not exist, for the withdrawal eradicated it. It brings him before the jury under the heavy cloud of suspicion created by his plea of guilty, when he is entitled to come before the jury with the presumption of innocence shielding him. It makes him prove again that his plea was wrongly entered, when that fact has already been judicially ascertained and settled by a court of competent jurisdiction and cannot be opened unless a higher court finds an abuse of that court's discretion.

I cannot find, as the majority do, justification for

this ruling in the practice of permitting, on appeal from a lower court, the plea of guilty to be proved in the higher court as an admission there against him. What the accused did in such a case in the trial court he did voluntarily, so far as that record shows. What he then did on the appeal he did voluntarily. At no stage has he been wronged, or a court been asked to rectify his inadvertent action and complied with his request. At no point has the plea in the trial court been withdrawn by order of court upon a finding that it had been wrongly entered.

The instances where this issue has been decided are very infrequent, although, it must be allowed, the instances where evidence of this character might have been presented must have been many. It is more probable either that prosecutors have withheld or courts have excluded such offers, than that they have been admitted and no redress been sought. Whenever the courts have spoken, or authors upon legal subjects have written, so far as I have been able to ascertain, they have agreed in condemning the admission against an accused of his withdrawn plea of guilty. 2 Wharton on Criminal Evidence, § 638, p. 1326, says: "Where a plea of guilty is withdrawn by the permission of the court, it is not binding as a confession, nor can it be used as evidence." 2 Ency. of Pleading & Practice, p. 779, says: "The effect of withdrawing a plea is to render it *functus officio*, and it cannot afterwards be given in evidence against the accused." In 8 Ruling Case Law, § 77, p. 112, the authors say: "It is hardly necessary to state that where a plea of guilty has been withdrawn and a plea of not guilty entered, the plea of guilty is not admissible in evidence against the accused." 12 Cyc. p. 426, says: "A voluntary offer by the accused before trial to plead guilty on terms to the offense charged is competent as his admission, but a

withdrawn plea of guilty in place of which a plea of not guilty has been substituted by leave of the court is not competent as an admission." Abbott's Trial Brief (Criminal Causes, 2d Ed.) p. 314, says: "A plea which has been held invalid, and superseded by the plea on which the accused is tried, cannot be read in evidence against him." In *People* v. *Ryan*, 82 Cal. 617, 618, 23 Pac. 121, the accused was permitted to withdraw his plea of guilty and substitute a plea of not guilty. Their Penal Code provided: "The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." This statute at most changes the common-law rule permitting the court to exercise its discretion upon cause shown by permitting the substitution as of right. It does not affect the point we are discussing. Of this substitution the court said: "The case stands thus, without the evidence of a withdrawn plea of guilty, for which, by authority of law and the court, a plea of not guilty was 'substituted,' the defendant could not have been legally proven or found guilty. Can it be that a privilege thus conceded to a defendant of *substituting* one plea for another is to have the inevitable effect of defeating the whole object of the 'substituted' plea? We do not think the legislature, in passing the law under which the defendant was allowed to nullify and render *functus officio* his plea of guilty by substituting or putting in place of it a plea of not guilty, intended to say that, notwithstanding such substitution and doing away with the first plea, it may be given in evidence and sometimes serve as the only conclusive proof of a man's guilt under the plea of not guilty." In *People* v. *Cignarale*, 110 N. Y. 23, 17 N. E. 135, a plea of not guilty to a charge of murder in the first degree was entered. Later on the accused was permitted to withdraw his plea and plead guilty to murder in the

second degree, which plea was accepted by the court. Subsequently the court permitted the accused to withdraw this plea and substitute one of not guilty. To the claim of the accused that the acceptance of the plea of not guilty of murder in the second degree waived the right to subsequently claim conviction of murder in the first degree, the court said (p. 32): "The waiver wrought by the withdrawal of the plea involved the waiver of all which depended on the plea, and this included a waiver of the benefit of the implication which existed, so long as the plea remained, of an acquittal of the higher crime." In *State* v. *Curtis*, 28 N. Car. (6 Ired.) 247, 250, when the plea of guilty was stricken out, it was held that "the case now stands, as if no trial had ever been had." In *State* v. *Meyers*, 99 Mo. 107, 119, 12 S. W. 516, the accused had pleaded guilty to the indictment when read to him, and this plea the court refused to accept. Upon the trial on a plea of not guilty the prosecution was permitted to prove the fact that the indictment had been read to the accused and that he had pleaded guilty thereto. The court held: "Such testimony should not have been admitted. . . . By refusing to receive the plea and granting the defendant a trial, this of necessity meant *a trial* with the issues of fact to be determined by the jury, and not to be determined by the previous plea of the defendant, which admitted all that the State desired to prove. In short, the trial court could not refuse to receive the defendant's plea of guilty at one time, and then use it against him, at another." The court refused to accept this plea for reasons that satisfied its discretion.

The court in the case at bar permitted the plea to be withdrawn for reasons which satisfied its discretion. In each case the plea never should have been entered. When withdrawn there was no plea. The cases then stood practically alike, with this difference, in the one

case the facts surrounding the plea were matter of record, in the other dependent on oral testimony. But the admissibility of the facts of each plea is governed by the same identical principles, and the ruling of the Missouri court seems to me sound in law and wholesome in practice. *Commonwealth* v. *Lannan*, 95 Mass. (13 Allen) 563, 569.

In my judgment the ruling was erroneous and material, and a new trial should be granted.

In this opinion RORABACK, J., concurred.