## JONES *v.* STATE

[No. 85, September Term, 1959.]

142

*Decided December 15, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Douglas G. Bottom,* for appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with
whom were *C. Ferdinand Sybert, Attorney General* and

*Frank H. Newell, III, State's Attorney for Baltimore County,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The defendant plead guilty to a charge of rape of a teen-age girl under one indictment and to a charge of common assault on the same occasion of another teen-age girl under a separate indictment, and was sentenced to life imprisonment in the Penitentiary for the more serious offense and to ten years on the lesser charge.

On this appeal, the defendant, claiming that his court-appointed counsel had advised him that if he plead guilty he would receive a sentence of twenty years, now contends that the court owed him a duty to explain more fully the possible consequences of the plea of guilty when his counsel requested the court to inquire of the defendant whether he had been advised of his rights and the consequences of his pleas. The record is clear that the court, in compliance with the request, carefully examined the defendant, and that the defendant— who after observation and psychiatric examination had been found to be sociopathic but not psychotic and therefore "able to participate in the defense of his case"—in response to the court's questions stated in a normal and straightforward manner that he had been apprised of his rights, that he knew he had a right to plead not guilty and the further right to be tried by a jury, and that he had made the guilty pleas freely and with full understanding of the consequences thereof. On the other hand, there is nothing in the record to show that the defendant or his counsel for him had ever objected or complained at any time, either before, during or after trial, that the court had erroneously accepted the guilty pleas. Nor did the defendant file a motion in arrest of judgment and sentence or even suggest that the trial court had not fully performed its duty to him.

When the frank answers made by the defendant to the questions propounded by the court are weighed and considered, it is difficult to conceive how or why the lower court could or should have done more than it did under the circumstances in this case to satisfy itself that the defendant under-

stood the consequences of his election to enter guilty pleas. Ordinarily, a plea of guilty by a defendant represented by counsel and capable of participating in his own defense is accepted as a matter of course. 14 Am. Jur., *Criminal Law,* § 271. But in a capital case or other serious case, such as this, a trial court is required to be satisfied of the voluntary character of the plea and that the defendant understands the nature and effect of a plea of guilty. *Lowe v. State,* 111 Md. 1, 73 Atl. 637 (1909). On review, however, in the absence of a showing to the contrary, the trial court will be presumed to have done all that was required of it in receiving the plea. *State v. Carta,* 90 Conn. 79, 96 Atl. 411 (1916). We hold that the acceptance of the pleas in these cases did not constitute error.

The second and final contention is that it was error for the trial court to consider the comments of the State's Attorney in arriving at the sentences it imposed. The alleged improper comments, which the defendant now claims were prejudicial and must necessarily have been considered by the court, concerned the remark that the defendant had "been in and out of jail" for the last ten years, and the references to other sexual offenses in which the defendant previously had been involved, such as the case in which the defendant had been found guilty of assault under an indictment for rape; the case in which a charge of assault with intent to rape had been nol-prossed; and the case in which a not guilty finding resulted when the prosecuting witness was unable to testify. The record discloses that counsel for the defendant objected to the prosecuting attorney informing the court of the offenses of which he had not been convicted, but, they neither challenged the accuracy of the comments nor sought to refute them. In any event, other than a reference to the nature of the disposition of each case in favor of the defendant, the court was not informed of the details of either charge and there is no indication that it ever gave such information any further consideration. We are not, therefore, prepared to rule, even though objected to, that the mere reference—during the sentencing process—to offenses of which the defendant had been charged but not convicted, absent details of the charges tending to implicate him therein,

amounted to prejudicial error. On the contrary, in imposing sentence, it was proper for the court to receive and consider, in the presence of the defendant, information from the prosecuting attorney and others concerning his entire background, including prior convictions. Moreover, under some circumstances not present here, it would have been proper to receive and consider the details of his previous encounters with the law for which he had not been prosecuted or of which he had not been convicted. Cf. *Driver v. State,* 201 Md. 25, 92 A. 2d 570 (1952), citing *Williams v. New York,* 337 U. S. 241 (1949), with approval. See also *Farrell v. State,* 213 Md. 348, 131 A. 2d 863 (1957).

Both judgments must be affirmed.

*Judgments affirmed.*