[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. Petitioner filed his amended petition for writ of habeas corpus, alleging ineffective assistance of counsel, with reference to petitioner's entering a plea that was not knowingly, intelligently and voluntarily made. Respondent, in his Return, denied said allegations and a hearing on the petition as amended was held on April 2, 1998. Both parties were represented by counsel. Both petitioner and his attorney at the time of the plea and sentencing, testified.
 II
CT Page 7914
The petitioner was arrested on or about December 25, 1994 and was charged inter alia, with Assault in the First Degree in violation of General Statutes Section 53a-59(a)(1). Kevin A. Rudolph, a public defender, was assigned to represent petitioner.
On June 8, 1995 petitioner appeared in court (Espinosa, J.) and entered a plea of guilty to one count of Assault in the First Degree.
On August 18, 1995, the court (Miano, J.), sentenced the petitioner to a term of fourteen years imprisonment, suspended after five (5) years, with five (5) years probation.
The petitioner has brought this writ alleging that due to ineffective assistance of counsel, he was unaware that his agreed-upon sentence was for 14 years, suspended after a certain period, with 5 years probation to follow his release from incarceration, hence, his plea was neither knowing nor voluntary.
 III
Based on the testimony and evidence presented the court finds as follows:
Petitioner, a native of Puerto Rico, was provided with the assistance of a Spanish-language interpreter at the plea hearing of June 8, 1995, the sentencing hearing of August 18, 1995, as well as at the hearing on the habeas petition held on April 2, 1998.
Prior to his arrest on the subject charges, Mr. Gutierrez[1] had no criminal record. After arrest and prior to the plea hearing of June 8, 1995 petitioner's attorney entered into plea negotiations with the State's Attorney and with a judge.
The State made an offer of 14 years imprisonment, suspended after 7 years, with 5 years probation. The judge initially indicated he would probably give petitioner the, opportunity to take advantage of the alternative incarceration program ("AIP"). (April 2, 1998 Transcript, p. 6). In fact, petitioner was not eligible for AIP because the offense to which he was to plead carried with it a mandatory 5 year period of incarceration. Once the participants were alerted to this fact, the State modified its offer to 14 years imprisonment, suspended after 7 years, 5 CT Page 7915 years probation, with the right to argue for less (Transcript, June 18, 1995 p. 1). At the time of sentencing, the judge imposed a sentence of 14 years imprisonment, suspended after 5 years, with 5 years probation. This petition followed.
 IV
A habeas petitioner claiming a deprivation of his constitutional right to effective assistance of counsel has the burden showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable, professional assistance of a competent criminal trial or appellate lawyer and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result of the proceeding would have been different.Strickland, 466 U.S. 668, 687-94.
A criminal defendant is entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings, Strickland v. Washington, supra at 686,
Pretrial negotiation implicating the decision of whether to plead guilty is a critical stage in criminal proceedings, Colsonv. Smith, 438 F.2d 1075, 1078, (5th circuit, 1971).
The United States Supreme Court in Hill v. Lockhart,474 U.S. 52, 57-58, determined that the Strickland test applied to claims arising from the plea negotiation process, while modifying the "prejudice" prong as applied to pleas. Under Hill, the defendant is required to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Id. at 59.
The gravamen of the petitioner's claim is that the attorney never made him aware that offers made or suggested included a term of 14 years imprisonment, to be suspended at some point, with a period of probation to follow.
The prisoner acknowledged that during the period of negotiation and up to the time of sentencing, he was focused on the issue of time to be served. He was briefed by his counsel on the AIP proposal, and subsequently it was explained to him that AIP was not available due to the 5 year minimum incarceration provision of the statute. CT Page 7916
The petitioner testified that at the sentencing hearing the interpreter was talking "too fast in my ear."
 V
The petitioner's claim of ineffective assistance of counsel must fail.
On one hand we have petitioner's naked assertion that he was unaware until after sentence was imposed that it was to be for a term of 14 years imprisonment, suspended after 5 years, with 5 years probation. Put another way, petitioner claims he believed he was receiving a sentence of 5 years incarceration, no probation.
Weighing against petitioner's claim, Attorney Randolph testified he explained "the structure" of the plea to petitioner, namely "fourteen years, suspended after a certain amount of time and a certain number of years probation." (TRANSCRIPT, HABEASHEARING, 4/2/98 p. 13 and See p. 8, bottom)
Further, at the plea hearing of June 8, 1995, prior to his client's entering a plea, attorney Randolph stated:
 MR. RANDOLPH: After discussing the offer with Mr. Gutierrez, your Honor — that is the Court's indicated offer — Mr. Gutierrez has decided to take advantage of the Court's offer.
 The Court's offer was fourteen years suspended after five years-seven years and five years probation with a right to argue. However, since it's the minimum mandatory five years on the Assault first, (a)(1) section, I have explained to Mr. Gutierrez that the least he could get after his pleading guilty and being sentenced is fourteen years suspended after five years. (TRANSCRIPT 6/8/95, p. 1)
Further, at the sentencing hearing of August 18, 1995, the court at the outset. stated:
 ". . . And its my understanding it was a fourteen year sentence, execution suspended after seven years, five years probation and a right to argue for less." (TRANSCRIPT, 8/18/95, p. 1).
Further, the State's Attorney, prior to sentencing referred to "the fourteen/seven/five" (TRANSCRIPT 8/18/95, p. 3). CT Page 7917
Again, on August 18, 1995, prior to sentencing, Attorney Randolph recited the "original offer" as "fourteen years, suspended after seven . . ."
After reviewing the testimony and evidence admitted, the court concludes that the petitioner has failed to establish, by a fair preponderance of the evidence, that the performance of his counsel, Mr. Randolph, constituted ineffective assistance of counsel. The court concludes that prior to his sentencing, petitioner was repeatedly apprised that his sentence would encompass 14 years imprisonment, suspended after a certain period, with 5 years probation.
The petitioner, having failed to meet the first prong of theStrickland requirement, the second, "prejudice," prong need not long detain us. Suffice it to say, that had petitioner established the first prong, this would have had no bearing on the weight of the evidence the State could muster with regard to the criminal charges, nor would trial counsel's advice have been likely to change. Based on the record before the court there is no likelihood petitioner's defenses would have succeeded in providing a more favorable outcome had he proceeded to trial,Copas v. Commissioner of Correction, 234 Conn. 139, 149.
 IV
Petitioner claims that his trial counsel's failure to make him aware of the State's complete offer, that is, fourteen years, suspended after seven years, with 5 years probation, rendered his plea unknowing and involuntary.
 "[A] plea of guilt is in effect a conviction and the equivalent of a finding of guilty by a jury. Machibroda v. United States, 368 U.S. 487, 493, 82S.Ct. 510, 7 L.Ed.2d 473, [1961]; State v. Carta, 90 Conn. 79, 81, 96 A. 411 [1916]. The entry of a plea of guilty waives the constitutional right to a trial by jury, the right to confront accusers, and the privilege against compulsory self-incrimination." State v. Battle, 170 Conn. 469, 473, 365 A.2d 1100
(1976); see also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "For this waiver to be valid under the Due Process Clause, it must be `an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464 [58 S.Ct. 1019, 82 L.Ed. 1461] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it CT Page 7918 has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." State v. Morant, 13 Conn. App. 378, 383. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).
The court finds that counsel and the court adequately described the State's offers and the court's proposed sentence to the petitioner prior to sentencing. The court concludes that petitioner has failed to establish, by a fair preponderance of the evidence, that his plea of guilty to the charge of assault in the first degree in violation of General Statutes, Section 53a-59
was made unknowingly, not intelligently nor involuntarily.
Accordingly, the relief sought is denied and the petition is dismissed.
By the Court,
Downey, J.