[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner by his amended petition dated May 29, 1998, alleges illegal confinement based on a claim of ineffective assistance of counsel at the time of plea. The respondent filed his Return on June 9, 1998, denying the petitioner's claim of illegal confinement. A hearing on the petition was held on August 7, 1998, at which the petitioner appeared and was represented by counsel.
 II
The petitioner was the defendant in a criminal matter entitled State v. Richard A. Young, Jr., No. CR96-0119094 in the Judicial District of Fairfield at Bridgeport, in which the petitioner was charged with one count of murder, in violation of General Statutes, Section 53a-54a. The petitioner was represented by Attorney Lawrence Hopkins, a special public defender.
On or about November 18, 1996, the petitioner entered a plea of guilty to the charge of murder. The plea was entered under the Alford Doctrine, North Carolina v. Alford. 400 U.S. 25,91 S.CT. 160, 27 L.Ed.2d 162 (1970). CT Page 13562
On or about December 20, 1996, the petitioner was sentenced by the court, (Ronan, J.) to a term of twenty five (25) years' incarceration for the crime of murder.
 III
The petitioner maintains that when he entered his plea, he did so based on representations made to him by his counsel that he would be pleading to one count of manslaughter. The petitioner also maintains that he believed that his sentence would be for a term of twenty (20) years, because his plea had been entered under the Alford Doctrine.
The petitioner claims that his conviction and incarceration are illegal in that his plea of guilty was not made knowingly, intelligently and voluntarily, by reason of ineffective assistance of counsel in violation of his rights under both the state and federal constitutions and Practice Book, Section 711(5) [now Section 39-19(5)] to effective assistance of counsel and due process.
The petitioner claims that his trial counsel's assistance was ineffective in that: a) trial counsel failed adequately to advise him regarding petitioner's decision to plead guilty; b) trial counsel failed adequately to explain that his conviction would be for murder, which carried a minimum sentence of twenty five years, and not manslaughter, which carried a maximum sentence of twenty years.
 IV
A habeas petitioner claiming a deprivation of his constitutional right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable, professional assistance of a competent trial or appellate lawyer and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result of the proceeding would have been different, Strickland v. Washington,466 U.S. 688, 687-94, 104 S.Ct. 2052, 80L. Ed.2d 674 (1984), A criminal defendant, moreover, is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id at 686. Pretrial negotiation implicating the CT Page 13563 decision of whether to plead guilt is a critical stage in criminal proceedings, Colson v. Smith, 438 F.2d 1075, 1078
(5th circuit, 1971). In Hill v. Lockhart,474 U.S. 52, 57, 58, the United States Supreme Court determined that the Strickland test applied to claims arising from the plea negotiation process, while modifying the "prejudice" prong as applied to pleas. Under Hill, the defendant is required to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial", Id. at 59.
The petitioner claims his counsel's failure to make clear to him what was the crime to which he was pleading and to advise him of the sentence he was to receive rendered his plea involuntary and unknowing.
 "[A] plea of guilt is in effect a conviction and the equivalent of a finding of guilty by a jury. Machibroda v. United States, 368 U.S. 487, 493, 82S. Ct. 510, 7 L.Ed.2d 473. [1961]; State v. Carta, 90 Conn. 79, 81, 96 A. 411 [1916]. The entry of a plea of guilty waives the constitutional right to a trial by jury, the right to confront accusers, and the privilege against compulsory self-incrimination." State v. Battel, 170 Conn. 469, 473, 365 A.2d 1100 (1976); see also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969). "For this waiver to be valid under the Due Process Clause, it must be `an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464 [58 S.Ct. 1019 82 L.Ed. 1461] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." State v. Morant, 13 Conn. App. 378, 383. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).
 V
At the habeas hearing, the petitioner testified that prior to plea he'd met with his counsel four times, each meeting lasting approximately five minutes. The petitioner testified he'd first CT Page 13564 heard of an "Alford" plea on the day he pleaded out. He gained the impression that an Alford plea meant that he would be sentenced for something less than murder. The petitioner testified that he learned that this was not so only later, when he underwent classification at the Cheshire Correctional Center. The petitioner also testified that when, at the time of plea, he heard the clerk put him to plea on the crime of murder, he told his attorney, "That is not what I want," and the attorney replied, "Just go ahead."
At the habeas hearing, the petitioner testified that at the time of his plea, he was "high" on marijuana, which affected his answers to the judge's questions
Trial counsel also testified at the habeas hearing. He stated he had been an attorney practicing criminal for some sixteen years, had handled hundreds of murder cases, and had tried twenty to twenty five homicide cases to conclusion. It was his recollection that in the case at issue the state's case was very strong and that the crime was particularly heinous. He recalled meeting five to seven times with the petitioner, for varying lengths of time. He discussed the state's evidence with the petitioner. Trial counsel believed at the time that the case disposition was, in the circumstances, very favorable to the petitioner. Trial counsel was sure he discussed with the petitioner possible defenses, most notably that of self-defense. The petitioner acknowledged he'd killed the victim but initially claimed self-defense. Counsel believed that, following the probable cause hearing, the petitioner had become familiar with the state's case. Trial counsel believed that petitioner's chance of prevailing on a claim of self-defense was "slim to none."
Trial counsel had specific recollection of little else that he and his client discussed. Trial counsel testified he "was sure" he told his client of the state's offer. He had no specific recollection that a plea to manslaughter was ever the subject of discussion between him and the prosecutor but "I may have made overtures" regarding such plea. Counsel testified he was "sure" he went over the elements for murder with his client and "can't imagine I didn't explain" the elements to him. Counsel was "sure" he explained the meaning of an Alford plea to the petitioner.
Based on the evidence and testimony presented, the court is satisfied that trial counsel did not inform his client that he CT Page 13565 would be admitting to manslaughter, did not inform his client that admitting under the Alford doctrine would result in a reduced charge of manslaughter, did not inform his client that he would, therefore, be sentenced to a term of twenty, not twenty five, years.
However, the question still remains: was the petitioner's understanding at the time of plea, of his plea and its consequences, so confused as to render his plea, unknowing and involuntary? The short answer is no. The record shows that before accepting the petitioner's plea the court made a thorough and lucid canvas, which covered every aspect of the plea, which the petitioner now claims confused him. The transcript reveals that the clerk put the petitioner to plea on the charge of murder. The court states: . . . And the charge you're pleading to is Murder. (Exhibit A, Transcript, November 8, 1996, p. 8) Nowhere in the plea hearing transcript is there mention by anyone of manslaughter. The court explains, (Transcript, pp. 8-9) the meaning of an Alford plea and then asks the petitioner, "Is that what you wish to do and what you wish to accomplish through that Alford plea?" And the petitioner answers, "Yes your honor." There is no mention or suggestion that pleading under the Alford doctrine results in a charge of manslaughter or any other reduced charge. Similarly, there is no mention or suggestion that the petitioner is to receive a twenty year sentence or any sentence less than the agreed-upon twenty five year sentence. The state's attorney states: "I understand there was an offer, Your Honor, of twenty-five years to serve with respect to the change of plea." (Transcript, p. 5). The court, in explaining the meaning of an Alford plea, asks; "And rather than risk perhaps a more severe sentence after a verdict, you prefer to enter a guilty plea and accept the twenty five year recommendation which is the minimum sentence that can be imposed on a murder." And further: "And you understand, as I've indicated, if there were no agreement here and you were convicted of Murder the minimum sentence the Court can impose is twenty five years." (Transcript, p. 9). Further on (Transcript, p. 10) the court makes four references in a single colloquy to the recommended sentence of twenty five years. The court concludes that a competent adult, participating in the said plea hearing, and paying attention, could not reasonably have emerged from said hearing unaware he had entered a plea of guilty to the charge of murder with a recommended and anticipated sentence of twenty five years' incarceration. CT Page 13566
As to the petitioner's claim that he was "high" from the use of marijuana at the plea hearing, no one participating in said hearing indicated an awareness or even suspicion that the petitioner was not competent to participate. The court questioned the petitioner extensively and the petitioner's answers were responsive and coherent. At the plea hearing the court asked the petitioner: "Now, as you stand here right now are you under the influence of any alcohol or drugs or medication or any substance that might affect your ability to understand what you are doing in pleading guilty? The petitioner's answer was: "No, your honor." The petitioner has failed to persuade this court that his answer, just quoted, was false.
The court concludes that the petitioner has failed to show that trial counsel's performance was deficient, nor that but for counsel's errors the petitioner would not have pleaded guilty and have insisted on going to trial. None of trial counsel's claimed errors affected the weight of the state's evidence, nor was there any reasonable probability that petitioner's defenses would have succeeded in providing a more favorable outcome had he elected to proceed to trial, Copas v. Commissioner of Correction,234 Conn. 139, 149. The petitioner's claim of failure by counsel to inform him of his appeal rights and to perfect an appeal were not addressed in testimony or in closing argument and are considered abandoned.
 VI
Based on the evidence and testimony presented, the court finds that the plaintiff has failed to show, by a fair preponderance of the evidence, that trial counsel's assistance was ineffective, nor that the petitioner's plea was entered involuntarily and unknowingly.
Accordingly, the relief requested is denied and the petition dismissed.
By the Court
Downey, J.